(98 South. 278)

### WALKER v. PITTS. (8 Div. 579.)

(Supreme Court of Alabama. Nov. 29, 1923. Rehearing Denied Dec. 22, 1923.)

**1. Partnership ⬤⟿282—Partners may agree as to who shall hold title to partnership assets on dissolution.**

Partners may contract between themselves as to who shall have title or ownership of assets upon a dissolution.

**2. Partnership ⬤⟿282—Decree that franchises should not be regarded as partnership assets as between partners held proper.**

Where partners in a ferry enterprise agreed that when the partnership should terminate each party, his heirs or representatives, should own and retain unimpaired his respective ferry franchise, the trial court properly held, in a suit by one copartner for a dissolution, that the franchises should not as between the parties be regarded as partnership assets.

**3. Partnership ⬤⟿67—Provision in partnership agreement to reimburse copartner for expense in acquiring ferry franchise did not make that sum partnership assets.**

A partnership agreement in a ferry business, authorizing a reimbursement to one copartner of a certain sum for expenses incurred in acquiring a franchise right, to be paid out of the net proceeds from operating the ferry before a division of profits was to be had, held not to make that sum, or any part of it, a partnership asset so as to require the partner to be reimbursed to account to the other for one-half the sum so received.

**4. Partnership ⬤⟿327(3)—Answer in suit for dissolution of partnership and sale and distribution of property held not to admit a particular item was partnership property.**

In a suit for a dissolution of partnership in a ferry business and for a sale thereof and a distribution of funds, defendant's answer, admitting complainant was entitled to have a sale of the partnership property as prayed, held to admit the equity of the bill and the right to sell the partnership property as prayed for, but not the averments that a certain item, which the partnership agreement authorized be paid to defendant to reimburse him for acquiring a ferry franchise, was partnership property.

**5. Partnership ⬤⟿344—In suit for dissolution of partnership, complainant copartner held not entitled to complain of decree directing payment of defendant's mortgage out of proceeds of sale of partnership property.**

Conceding that, in a suit for dissolution of a partnership and for a sale of partnership property, on a part of which defendant copartner held a mortgage, that defendant should have affirmatively sought a foreclosure, and in the absence of same a decree for a sale of the assets subject to the mortgage instead of one providing for payment of the mortgage out of the proceeds of the sale of the assets, would have been more appropriate, where the court did not decree a foreclosure but merely directed a sale and fixed the amount of the mortgage as a prior claim, thus directing the sale of a good title rather than one incumbered, complainant held not entitled to complain, especially where that sale would doubtless benefit rather than injure him.

**6. Partnership ⬤⟿344—In suit for dissolution of partnership, complainant could not assail decree ordering payment of mortgage held by copartner, though latter did not pray for affirmative relief.**

Where, in a suit by a copartner for dissolution and sale of partnership property, in which defendant partner held a mortgage on certain partnership property, the pleading and proof established the existence of the mortgage, the payment of it was essential to an equitable settlement of the partnership, so that a decree authorizing a sale of the mortgaged property was not erroneous, notwithstanding defendant did not seek affirmative relief with reference to the mortgage.

**7. Partnership ⬤⟿327(3)—Cross-bill held not necessary to establish copartner's mortgage claim.**

Upon an accounting of partnership assets, a cross-bill held not necessary to establish copartner's mortgage claim.

Appeal from Circuit Court, Morgan County; James E. Horton, Jr., Judge.

Bill in equity by J. S. Walker against F. E. Pitts. From the decree, complainant appeals. Affirmed.

It appears from the bill that the complainant owned and operated a ferry across the Tennessee river between the counties of Morgan and Limestone, his equipment consist-

---

ing of a steamer and two barges. It appears, also, that defendant owned and operated a ferry across the same stream, his equipment consisting of a smaller boat, driven by gasoline.

It is averred that complainant, being in urgent need, sought a loan of defendant; that defendant agreed to make the loan only upon condition that the written agreement exhibited be entered into; that since the execution of the agreement defendant has assumed absolute control of the business, excluding complainant therefrom; that complainant has made repeated requests for a statement of the partnership business, which defendant has failed to furnish; that the earnings from the business have been sufficient to pay off complainant's indebtedness to defendant and to leave a surplus in which complainant should share; that defendant has allowed the two barges to be and remain sunk; that the business cannot be harmoniously operated by the parties, etc.

It is prayed that a receiver be appointed to take charge of and operate the ferries pending the suit; that the partnership be dissolved, and an account under the direction of the court be stated by the register; that all partnership property be sold, and the funds distributed; and that the complainant and defendant be permitted to take their respective boats and operate them over their respective routes.

The agreement exhibited with the bill is as follows:

"This agreement made by and between F. E. Pitts, of Decatur, Alabama, and J. S. Walker, of Decatur, Alabama, on this the 4th day of Oct. 1922, witnesseth:

"First. That for and in consideration of mutual promises of each of the parties, one to the other, and the further consideration hereinafter stated, the parties hereto agree to and do hereby form a partnership for the operation of a ferry across the Tennessee river from Bank street to the Limestone county side of the river under a franchise now owned by J. S. Walker and the ferry from the Somerville road as extended in Albany, Alabama, to the Athens and Decatur road (known as the Bee Line landings), under a franchise now owned by F. E. Pitts, it being understood and agreed that in the operation of such ferries each party is to bear one-half of the losses and to share one-half of the profits of the enterprise.

"Second. F. E. Pitts assumes and agrees to pay to the American Oak Leather Company the sum approximating $500.00 due from J. S. Walker on the steamer John D. Wyker, and also assumes and agrees to pay to A. D. Jervis the sum of $300.00 due him by J. S. Walker on said steamer John D. Wyker. It is understood and agreed that F. E. Pitts has heretofore paid out in expenses in acquiring franchise rights and in litigation connected with said franchise in the operation of the Albany ferry and in expenses in the operation of both ferries, the sum of $2,200.00, and it is agreed between the parties that the sum of $3,000.00 is to first be paid to F. E. Pitts out of the profits derived from the operation of the said ferries before there shall be any division of the profits between the parties.

"Third. In consideration of the premises F. E. Pitts agrees to and does hereby transfer and convey unto J. S. Walker a one-half interest in the gasoline boat known as the Pitts-Walker boat, now being operated at the Bank street ferry, and said J. S. Walker agrees to and does hereby convey unto F. E. Pitts a one-half interest in the steamer John D. Wyker, now being used at the Albany ferry, and each party hereby warrants to the other that the one-half interest in said boats hereby conveyed is free of all liens and incumbrances, and should any lien or incumbrance develop against either of the said boats and this warranty be thereby breached the grantee shall have a lien on the grantor's interest in each of the said boats and profits to be derived from this venture to secure him against any loss arising from the breach of such warranty.

"Fourth. It is understood that F. E. Pitts has now bought one car of coal containing 56 tons which shall be a partnership obligation and all court costs, attorneys' fees, and liability on bonds, growing out of or connected with suits now pending or hereafter instituted in connection with the operation of such ferries, the acquisition of franchise rights, the condemnation of rights of ways or public roads or otherwise, whether instituted in the name of the partnership or in the name of F. E. Pitts, and whether they now be pending in favor of or against F. E. Pitts, or any one else, it being the intention of this agreement that the partnership shall refund to F. E. Pitts the sums which he has already expended in connection with his ferry enterprise (which has been agreed upon) and that the parties shall pay all other expenses whether they have accrued or are to accrue in the future and whether they exist by way of court costs, damages, liability on bonds, or otherwise, as long as such liabilities grow out of the acquisition of such ferry franchise or the preparation and operation of such ferry by F. E. Pitts.

"Fifth. All profits and funds on hand from the operation of such ferries to the 5th day of October, 1922, shall be and is the property of F. E. Pitts. Beginning on October 5, 1922, all earnings shall belong to the partnership to be applied as hereinabove provided.

"Sixth. It is understood and agreed that F. E. Pitts has loaned to J. S. Walker the sum of $1,400.00, the payment of which is to be extended by F. E. Pitts until November 1, 1923, and J. S. Walker agrees to secure the payment of said sum to F. E. Pitts by executing and delivering to him a mortgage on his one-half interest in the said steamer John D. Wyker, and in the said gasoline boat known as the Pitts-Walker boat, and it being claimed that Mrs. Edith Snowdon holds a mortgage on the steamer John D. Wyker, the said J. S. Walker agrees to secure a release from her to any interest which she may have in said boat and to obtain her signature to the mortgage which he hereby obligates himself to give to secure the said $1,400.00. The execution of said mortgage and the securing of said release is a condition upon which this agreement is executed, in default thereof, this agreement shall be null and void.

"Seventh. Neither party is to receive any pay for any general supervision or outside work which he shall do in furtherance of said partnership, it being understood that he is not to devote his services to the running of said boats, but if either party shall actually work on either of the said boats, then he shall be paid the same as any other employee.

"Eighth. If for any reason this partnership should terminate or be dissolved by death or otherwise, then each party, his heirs or representative shall own and retain unimpaired and unincumbered, his respective ferry franchise, that is, Walker shall own the franchise on Bank street in Decatur, Alabama, Pitts shall own the franchise at the Somerville and Decatur road at Albany, Alabama.

"Ninth. It is understood and agreed that the said ferries shall be operated in the name of F. E. Pitts, and shall be under his management and control. The proceeds derived therefrom shall be deposited in the City National Bank at Decatur, Alabama, in the name of the Decatur Ferry Company, and shall be checked out by F. E. Pitts. The said F. E. Pitts shall from time to time, and when reasonable demand is made, render to the said Walker a statement showing the proceeds from the operation of the said ferries, the expenses of operation and the profits derived therefrom, and also the profits applied by the said F. E. Pitts on the indebtedness due him as hereinabove stated. When the said indebtedness is paid the said profits shall be derived between the said parties on the first of each month or such other time as they may agree between themselves in writing indorsed hereon or affixed hereto.

"In witness whereof we have hereto affixed our names, on this the 4th day of October, 1922."

By final decree entered the partnership was dissolved; the two boats and equipment were ordered sold free of liens, but that complainant's share of the proceeds be impressed with a lien to secure his mortgage indebtedness to defendant. It was further ordered that the parties were entitled to their respective ferry franchises, and that the register state an account between the parties, etc. From this decree the complainant appeals.

Wert & Hutson and S. A. Lynne, all of Decatur, for appellant.

Property acquired with partnership funds or on partnership credit and for partnership purposes is regarded in equity as partnership property. Goldthwaite v. Janney, 102 Ala. 431, 15 South. 560, 28 L. R. A. 161, 48 Am. St. Rep. 56; Owens v. Collins, 23 Ala. 837; Offutt v. Scott, 47 Ala. 104; Little v. Snedecor, 52 Ala. 167; Moreau v. Saffarans, 3 Sneed (35 Tenn.) 595, 67 Am. Dec. 582; Dudley v. Littlefield, 21 Me. 418; Taylor v. Farmer (Ill.) 4 N. E. 370; Galbraith v. Tracy, 153 Ill. 54, 38 N. E. 937, 28 L. R. A. 129, 46 Am. St. Rep. 867; Alkire v. Kahle, 123 Ill. 496, 17 N. E. 693, 5 Am. St. Rep. 540; Roberts v. McCarty, 9 Ind. 16, 68 Am. Dec. 604; 26 R. C. L. 1227.

Callahan & Harris, of Decatur, for appellee.

Whether real estate is partnership property or belongs to the individuals depends upon the agreement of the parties; and, if the agreement is express, it controls. 30 Cyc. 426; Hatchett v. Blanton, 72 Ala. 437; McKinnon v. McKinnon, 56 Fed. 413, 5 C. C. A. 530; In re Swift (D. C.) 118 Fed. 348; 25 C. J. 1071; Lewis v. Intendant, etc., 7 Ala. 87.

ANDERSON, C. J. [1, 2] We, of course, agree to the general proposition asserted in brief of counsel for appellant to the effect that when property is acquired with partnership funds or upon partnership credit, it is subject to the payment of partnership debts; but this general rule does not prohibit partners from contracting between themselves as to the title or ownership of assets upon a termination or dissolution of the copartnership, as was expressly done by the present parties in paragraph 8 of the partnership contract, which reads as follows:

"If for any reason this partnership should terminate or be dissolved by death or otherwise, then each party, his heirs or representatives, shall own and retain unimpaired and unincumbered, his respective ferry franchise, that is, Walker shall own the franchise on Bank street in Decatur, Alabama, Pitts shall own the franchise at the Somerville and Decatur road at Albany, Alabama."

We therefore hold that the trial court properly held that, upon a dissolution and settlement of the partnership, the franchises should not, as between the parties, be regarded as partnership assets.

[3] Nor does the fact that paragraph 2 of the contract, authorizing the reimbursement of Pitts for the sum of $2,200 for expenses incurred in acquiring the franchise right out of the net proceeds derived from operating the ferries before there shall be any division between the parties, operate to constitute such sum or any part thereof such a partnership asset as to require Pitts to account to the complainant for one-half of the sum so received. The contract is couched in plain and unambiguous language, which seems to have been thoroughly understood by the trial court, and was properly construed and enforced.

[4] We are not impressed with the merit of the contention in brief of counsel that the bill claimed and the answer admitted that this item constituted a partnership asset. True, paragraph 3 of the answer admits that the complainant is entitled to have a sale of the partnership property as prayed; but we construe it to mean an admission merely of the equity of the bill and the right to sell the partnership property as prayed for, but not an admission of the averments of the bill that this particular item was partnership property.

[5, 6] It is next urged that the trial court erred in providing for the payment of the respondent's mortgage out of the proceeds of the sale of the assets, for the reason that there was no cross-bill seeking a foreclosure of the mortgage; that is, affirmative relief as to same. It may be conceded that the respondent should have affirmatively sought a foreclosure, and in the absence of same the decree would have more properly been for a sale of the assets subject to said mortgage; but there was no decree of foreclosure, and the trial court merely directed a sale and fixed the amount of the mortgage as a prior claim, and we do not see how this appellant was injured because the trial court directed the sale of a good title rather than an incumbered one, and this, doubtless, would benefit rather than injure the appellant.

Moreover, the pleading and proof established the existence of said mortgage, and the payment of same was essential to an equitable settlement of the partnership.

[7] Upon an accounting a cross-bill was not necessary to establish respondent's claim. O'Kelley v. Clark, 184 Ala. 391, 63 South. 948.

The decree of the circuit court is affirmed.

Affirmed.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.