(103 So. 850)

## PITTS v. WALKER. (8 Div. 693.)

(Supreme Court of Alabama. March 19, 1925. Rehearing Denied April 23, 1925.)

1. **Receivers** ⊜⟹199—**Reference to aid court in fixing receiver's compensation is proper.**

Reference to register to take testimony to aid court in ascertaining receiver's compensation is not error.

2. **Evidence** ⊜⟹41—**Judicial notice is taken of day court adjourns by operation of law.**

Judicial notice is taken of day on which circuit court adjourns by operation of law.

3. **Receivers** ⊜⟹199—**Exceptions to register's report taken after adjournment of court were not duly filed.**

Exceptions to register's report, in a proceeding for allowance of compensation to receiver taken after adjournment of court, were not duly filed, where order of reference allowed one day for filing exceptions pursuant to chancery rule 94 (Code 1907, p. 1557), and court had not extended time of filing.

4. **Receivers** ⊜⟹199 — **Matters considered by court in determining amount of compensation.**

The allowance of receiver's compensation is a judicial question for the court, after considering all facts and material circumstances, among which are the responsibility assumed by receiver, his fitness for service, his business and financial experience, time devoted to trust, and diligence and thoroughness displayed in discharging his duties under the direction of court.

5. **Equity** ⊜⟹409—**Court may render decree at variance with register's report, where error is admitted.**

Where receiver admits error in register's report as to amount of compensation allowed him by register, *held* that the court was warranted in rendering a decree at variance with the report and within the presumption of verity that obtains in favor of such report, in view of Code 1907, § 5955, subd. 1.

⊜⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**6. Receivers ⬡—190—Receiver is required to pay sums into registry of court less compensation on final disposition of receivership.**

On final disposition of receivership, receiver is required to pay over into the registry of court the sum in his hands, less amount of balance due on compensation accounts allowed by court, and after charging himself with any amounts he may have been paid on compensation account.

**7. Partnership. ⬡—336(3) — Evidence held to show that partner had received $2,815.**

Under a partnership agreement providing that one of the partners was to be paid $3,000 before there was to be a division of profits, evidence *held* to show that such partner had received $2,815 under this agreement.

**8. Costs ⬡—241—Supreme Court may apportion costs on appeal in equity.**

Supreme Court may in proper case apportion costs on appeal in equity.

On Rehearing.

**9. Partnership ⬡—74—Sums paid by partner as costs and for attorney fees allowed him in computing amount due.**

Under partnership contract providing that one partner was to receive $3,000 before dividing profits accruing from conducting ferry boats, *held* that, in computing this sum, amounts paid by partner as costs, as well as costs on appeal and $100 attorney fees in a proceeding to prevent operation of a competing ferry, should be allowed partner.

**10. Partnership ⬡—334—Deduction of individual debts in partnership accounting allowed.**

In a proceeding to settle partnership accounts, as well as accounts between partners individually, a debt owing by one partner to the other should be allowed on the individual account to be deducted from final balance due debtor rather than from profits of the partnership, in which both parties are interested.

Appeal from Circuit Court, Morgan County; Osceola Kyle, Judge.

Petition by L. O. Stout, as receiver, for allowance of compensation. From the decree rendered, respondent appeals. Affirmed in part, reversed in part, and remanded.

A. J. Harris, of Decatur, for appellant.

The finding of a register is presumptively correct, and should not be disturbed, unless there is reasonable doubt that the correct conclusion has been reached. Johnston v. Johnston, ante, p. 351, 102 So. 709; Grand Bay L. Co. v. Simpson, 207 Ala. 303, 92 So. 790; Bidwell v. Johnson, 195 Ala. 547, 70 So. 685; Chancellor v. Teel, 141 Ala. 634, 37 So. 665; Pollard v. American, etc. Co., 139 Ala. 183, 35 So. 767; Tenn. M. & F. Co. v. Giles, 211 Ala. 44, 99 So. 86. The allowance made to the receiver was improper. McGee v. Cowperthwaite, 10 Ala. 968; Henry v. Henry, 103 Ala. 594, 15 So. 916; 34 Cyc. 474. Where a receiver unjustly prolongs his tenure, he is entitled to no compensation. Nowell v. Int. Trust Co., 169 F. 505.

S. A. Lynne, of Decatur, for appellee.

Appellant's exceptions were filed too late. Rule 94, Ch. Pr., Code 1907, p. 1557; Acts 1915, p. 707. The fixing of the receiver's compensation is a matter within the discretion of the trial court. McGee v. Cowperthwaite, 10 Ala. 966; Clifford v. Montgomery, 202 Ala. 609, 81 So. 551; Stuart v. Boulware, 133 U. S. 78, 10 S. Ct. 242, 33 L. Ed. 568; Lichenstein v. Dial, 68 Miss. 54, 8 So. 273; High on Receivers, § 781; Welch v. Renshaw, 14 Colo. App. 526, 59 P. 967; In re State Bank, 57 Minn. 361, 59 N. W. 315; State v. Nebraska Sav. Bank, 61 Neb. 496, 85 N. W. 391; Union Nat. Bank v. Mills, 103 Wis. 39, 79 N. W. 20. The register cannot fix the receiver's allowance. Cutter v. Pollock, 4 N. D. 205, 59 N. W. 1062, 25 L. R. A. 377, 50 Am. St. Rep. 644.

THOMAS, J. The cause is submitted on motion and on the merits. Appellee's motion is not sufficiently insisted upon in brief to merit further consideration. Georgia Cotton Co. v. Lee, 196 Ala. 599, 72 So. 158. A phase of the case is reported as Walker v. Pitts, 210 Ala. 516, 98 So. 278.

[1] The receiver had the right of application to the court for the ascertainment of his reasonable compensation to be allowed by the court. De Graffenried v. Breitling, 192 Ala. 254, 68 So. 265. The source of his authority and direction was the court. However, no error was committed in referring the matter of fact to the register so that testimony might be taken on that question in aid of the ascertainment and allowance to be made by the court.

The register reported that the last receiver's accounts had not been finally passed, although there had been periodic or monthly reports of his doings as such trustee. It was further reported that no order of reference had been made as to the accounts of, and amount of compensation for, the former receiver, L. F. Webb.

The references in the decree to the accounts of the last receiver were merely a recital of the fact that the same had been passed in the sense that they had been duly made, rendered, or filed, and were therefore before the court for final audit and adjudication. When the decree as a whole is considered as to this, such was its effect. When there is final decree, in the sense of a full and final consideration of all the accounts, to the allowance of compensation to the first receiver, the respective doings and items of each can be considered, except only as to items and allowance that have been adjudicated and fixed on the former and on this appeal.

[2, 3] It is insisted by appellee that appellant's exceptions to the report of the register were not duly filed. The register's report was of date June 27th, and the decretal order of reference had provided that the "report shall lie on file for one full day for exceptions," pursuant to rule 94, Chancery Practice, Code 1907, p. 1557. Though that decree was held open for further orders, the court did not extend the time for excepting to the register's report. The complainant, appellee here, filed exceptions thereto on June 28th, on the date required by the decree. The exceptions for appellant bear a filing date of July 2, 1924. The court takes judicial knowledge of the fact that the circuit court adjourned by operation of law on June 28, 1924. Lewis v. Martin, 210 Ala. 401, 98 So. 635. Thus the exceptions were not filed until after the court had finally adjourned by operation of law, and the matter was not kept open by the decree to the next term for the purpose of filing exceptions to the register's report. Rule 94, Ch. Pr. Code 1907, p. 1557; Gen. Acts 1915, p. 707.

It may be stated that the amount of the receiver's compensation is a matter primarily for the exercise of the sound discretion of the court having custody, direction, and control thereof, and will not be disturbed except for manifest error. Clifford v. Montgomery, 202 Ala. 609, 81 So. 551; Magee v. Cowperthwaite, 10 Ala. 966; Trustees of Improvement Fund v. Greenough, 105 U. S. 527, 26 L. Ed. 1157; Stuart v. Boulware, 133 U. S. 98, 10 S. Ct. 242, 33 L. Ed. 568.

Mr. High, in his work on Receivers (4th Ed.) § 781, p. 915, says:

"The power of courts of equity to fix the compensation of their own receivers is well established, and results necessarily from the relation which the receiver sustains to the court, he being its officer or agent, deriving his functions only from that source. In the absence, therefore, of any legislation regulating the receiver's salary or compensation, the matter is left entirely to the determination of the court from which he derives his appointment. And in making an allowance the court is not confined to evidence formally introduced, but may act on its own knowledge and judgment as to the reasonableness of the charge in connection with what has been done by the receiver in the discharge of his duties. And in passing upon the compensation of a receiver an appellate court will ordinarily defer much to the judgment of the court below by which the receiver was appointed, that court having had the supervision of his conduct."

Many authorities are cited in support of this text.

[4] It will not be necessary to discuss the evidence in detail as to the compensation allowed the last receiver. It was sufficient to support the decree according to the circumstances of the particular case. Such allowance was a judicial question for the court, after considering all of the facts and material circumstances, among which were the responsibility assumed by the receiver, his fitness for the service, his business and financial experience, the time devoted to the trust, the diligence and thoroughness displayed in the discharge of his duties under the direction or supervision of the court. And no doubt the trial court had regard for these facts and for the further fact that this receiver was intrusted with the operation of a public carrier of freight and passengers for hire; and, because of this unusual responsibility and his discharge of his duties in the premises, and the fact that he made of a losing business a successful business, the allowance was no doubt made by the trial court. It may be said that the testimony of Penny, Brittain, Holmes, Spencer, and Cunningham supported that of the receiver as to the value of his services, and also supports the allowance made by the court.

[5] If the several exceptions to the report of the register had been subject to review by filing within the term or time allowed, it is noted that appellant concedes complainant's (appellee's) exception to the extent of an error by the register in the sum of $1,050. Thus was the court warranted in the rendition of a decree at variance with the report of the register and within the presumptions of verity that obtain in such a matter. Pollard v. Am. F. L. Mtg. Co., 139 Ala. 183, 35 So. 767; Chancellor v. Teel, 141 Ala. 634, 37 So. 665; Bidwell v. Johnson, 195 Ala. 547, 70 So. 685; Andrews v. Grey, 199 Ala. 152, 74 So. 62; Grand Bay Land Co. v. Simpson, 207 Ala. 303, 92 So. 789; subdivision 1, § 5955, Code 1907.

[6] The thirteenth to sixteenth assignments of error (as we have adverted to) challenge the failure of the decree to require the receiver to pay over the sum in his hands, less the amount of the balance due on compensation account allowed him by the court, and after charging himself with any amounts the receiver or receivers may have been paid on compensation account. And this he is, or will be, required to do on final disposition and payment of the trust funds into the registry of the court. The final amount required to be paid over by the receiver to the register on full audit of all accounts can yet be required by the court. The decree had been kept open by the court for a due procedure and final adjudication of necessary questions and items not theretofore considered and adjudicated.

[7] The fourth and fifth assignments of error challenge the action of the trial court in finding that Pitts had received $2,815.65 on the agreed $3,000 he was to receive before a division might be had between the parties. This phase of the decree is supported by Pitts' evidence, which was to the effect that the interested parties had agreed upon a "lump sum of $2,200," covering the many

items the witness enumerated, and the Jervis and American Oak & Leather Company claims of about $800; and that said sums so agreed upon "covered everything up to that time." The reasonable effect of this and his other testimony as to the item of attorneys' fees and costs of court was that said items were included in the agreement for the $2,200, and that they were for the services theretofore rendered, except the services of one attorney before the commissioners' court in resisting applications for other ferry franchises, fixed by the court at $100. We find no reversible error as to this phase of the decree.

The amount of $15.75 paid by Pitts as costs of the appeal in one of the cases having for its object the prevention of the operation of a competing ferry should have been allowed to appellant. We find no evidence that this sum was embraced in the $2,200, or that it had been paid. There was no dispute as to the payment of the item of $15.75. It was paid after the execution of the contract of the parties. And this sum is added to the $181.35 balance decreed to be paid from the profits to appellant. We are not clear as to the item of $128, "costs of the equity cases"— whether or not those costs were included in the agreement of $2,200. If not, the amount should be allowed Pitts. However, we find no error as to the disallowance of the item of $128 for court costs, since the appellant uses language in his testimony broad enough to cover the item, if in fact it was so embraced in the "lump sum" agreed upon.

In ascertaining the indebtedness of the partnership and reciting the same in the decree, the account of J. D. Wyker for $35.22 was not embraced therein. It was exhibited, undisputed, and proven, at the reference. It will be added to the finding of the debts of the partnership contained in the sixth paragraph of the decree, and ordered paid with the other items, viz. attorneys' fees of $100 for "resisting granting of ferry franchise," etc.

The "$87.75" of date "July 23," was paid for flanges purchased by the receiver and not installed on the ferryboat when it was sold by order of court. The purchasers of the boat thereafter using the flanges should account therefor, with interest from the date the same were placed on the boat. The evidence shows that both parties knew of the whereabouts of the flanges; they were only suitable for the purpose for which they were purchased. No bad faith is imputed by the use thereof—it was simply the incurring of a liability for an amount equal to the price thereof, and with interest.

[8] A court of equity has a large discretion in the apportionment of the costs (Manning v. Carter, 201 Ala. 218, 77 So. 744), and this court may do so on appeal in a proper

case. The costs are divided between the parties.

Affirmed in part, in part reversed, and remanded.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.

### On Rehearing.

THOMAS, J. The record is voluminous, embracing about 300 pages, and this may account for failure to consider several items of account as invoked by the application for rehearing.

[9] A further consideration of appellant's evidence, the agreement of counsel as to the costs in the cases of Clayton and Hugh Boggs, deceased, "that the cost of the three cases in the circuit court amounts to $128.-70," and a further consideration of paragraphs 2 and 3 of the partnership contract, convinces us, and we so hold, that the sum of $128.70 should have been allowed to appellant; that is to say, the sum of $181.35 allowed in the decree, increased by the sum of $15.75, costs of appeal, as allowed in the original opinion, should be further augmented by the sum of $128.70, costs paid in the circuit court, aggregating $325.80, which sum is allowed on this rehearing.

We are not so impressed as to the allowance of the balance of $450, attorneys' fees. The court allowed $100, and we leave the same as fixed by the court. The concluding and statement of intention clause of paragraph 4 of the contract is:

"* * * That the partnership shall refund to F. E. Pitts the sums which he has already expended in connection with his ferry enterprise (which has been agreed upon), and that the parties shall pay all other expenses whether they have accrued or are to accrue in the future and whether they exist by way of court costs, damages, liability on bonds, or otherwise, as long as such liabilities grow out of the acquisition of such ferry franchise or the preparation and operation of such ferry by F. E. Pitts."

It is true the words "attorneys fees" occur in this paragraph, with the words "all court costs" and "liability on bonds"; yet the concluding words are "court costs, damages, liability on bonds, or otherwise * * *" growing "out of the acquisition of such ferry franchise or the preparation and operation of such ferry by F. E. Pitts." These stated items of expense or possible expense are further specifically enumerated as follows:

"Whether they have accrued or are to accrue in the future, *and whether they exist by way of court costs, damages*, liability on bonds, or otherwise," etc. (Italics supplied.)

We will not disturb the decree of the court as to the attorneys' fees allowed.

[10] The decree of May 8, 1923, dissolving the partnership and ordering a sale of the

partnership properties, required the register to state an account between the partners and the partnership, and between the partners themselves, and decreed that the report lie over five days for objections and due exceptions to be taken. The agreement of counsel shows:

"It is further agreed that there was offered in evidence and not included in said tabulation the individual checks of F. E. Pitts to J. S. Walker of $50 November 10, 1922; $50 February 28, 1923; $25 March 7, 1923."

A further examination of the testimony of J. S. Walker does not satisfy us of his repayment. He admits receiving small amounts from the partnership; that the amounts aggregated $125 as supplied by the agreement of counsel. He states that the amounts were "to stand secured" by the typewriter and adding machine. However, when Pitts sought to possess these, Stout got them. The two checks produced by the witness to show payment of the amounts were drawn by Edith Snowden for $150 and $60, dated May 27, 1922. The agreement of counsel shows subsequent dates of the checks in question from Pitts to Walker. Notwithstanding that Walker stated that Pitts had held out (on "5/27/22") the sum of $210 from "some insurance," yet he admitted on cross-examination that he received the specific sums in question in the "fall of 1922 and spring of 1923"—"whenever them checks was give I got the money"—each bearing a subsequent date. This $125 should also be allowed from Walker to Pitts on the individual account, to be deducted from the final balance due Walker rather than from the profits of the partnership in which both parties are interested.

The opinion is modified in the foregoing respects, and the rehearing granted as to the said respective items and denied as to the attorneys' fees.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.