# Bellinger, Admr. v. Lehman, Durr & Co.

*Bill in Equity to foreclose Mortgage, and to enforce Pledge.*

1. *Finding by register; when conclusive.*—A finding of facts by the register on reference, which is confirmed without exception, is conclusive on appeal.

2. *Equity jurisdiction; relief of mortgagee.*—After the mortgagee has filed his bill to foreclose a mortgage on crops, a complainant may, by amendment, claim the proceeds of the sale of such crops made by the mortgagor's administrator; and the right to enforce such equity in a court of chancery is not affected by the fact that the complainant

might have sued the administrator in a court of law for money had and received.

APPEAL from the Chancery Court of Montgomery.

Heard before the Hon. JOHN A. FOSTER.

The facts of the case are sufficiently stated in the opinion.

ARRINGTON & GRAHAM and JOHN W. A. SANFORD, JR., for appellant, cited, *Cotton v. Carlisle*, 85 Ala. 175 ; *Marks v. Robinson*, 82 Ala. 69.

TOMPKINS & TROY, *contra.*—A court of equity has jurisdiction in the present case.—*Westmoreland v. Foster*, 60 Ala. 448 ; *Comer v. Lehman, Durr & Co.*, 87 Ala., 362 ; *Alexander v. Rea*, 50 Ala. 450 ; *Scruggs v. Driver*, 31 Ala. 274.

HEAD, J.—In 1883, Moses T. Ray and W. C. Ray were partners in a farming business. In February of that year, Moses T. Ray executed to Lehman, Durr & Co. a mortgage to secure a debt of $2,000, which had the effect to pass to them his interest in the partnership crops to be grown that year, to be ascertained upon a settlement of the partnership. After the crops had been commenced, to-wit, in March, 1883, Moses T. Ray died, and on April 4th, thereafter, William Bellinger was appointed his administrator. The partnership rights and interests thus devolved on W. C. Ray, as surviving partner, for the purposes of completion of the crops, and liquidation and final settlement. Instead of making formal settlement with W. C. Ray, Bellinger, as administrator, agreed to accept from him, $500 for his intestate's interest in the crops, and that sum was paid to him by W. C. Ray, the surviving partner, therefor. Lehman, Durr & Co. had other security for said debt, viz., a pledge of certain capital stock of the Merchants and Planters National Bank ; and, on September 22d, 1884, they filed this bill to enforce and foreclose that pledge, as well as their mortgage on the crops. In the progress of the cause, they realized upon the pledge, by sale of the stock, under a decree of the court, leaving only the crops a subject of contest. Pending the cause, William Bellinger died, and Robert H. Bellinger, the appellant, was appointed his

administrator, and as such, was brought in as a party
defendant. By an amendment of the bill, the complain-
ants elected to claim the $500, which the surviving part-
ner had paid William Bellinger for his intestate's inter-
est in the crops, instead of demanding a formal settle-
ment of the partnership and claiming what might be de-
veloped to be due them thereon; and, on final hearing,
the chancellor rendered a personal decree in their favor
for the same, against Robert H. Bellinger, as adminis-
trator of William Bellinger, deceased. That decree is
the matter assigned as error. The contention of appel-
lant is, that the sale by William Bellinger to W. C. Ray
of his intestate's interest in the crops, was made subject
to the complainant's mortgage. In other words, it was
a sale of intestate's equity of redemption only, the price
received not representing the value of intestate's entire,
unencumbered estate or property in the crops. In the
consideration of this question, we are concluded by the
finding and report of the register, which was confirmed
without exception. That report is as follows: "The
register is of opinion and finds and reports that W. C.
Ray had one-half interest in such crops and that Moses
T. Ray had one-half interest therein; that the value of
such interests in said crops has not been shown by evi-
dence, but that W. C. Ray paid to William Bellinger,
the administrator of Moses Ray's estate, $500, or $550,
for M. T. Ray's interest for 1883, exclusive of the cotton
seed and oats heretofore referred to." This language
leaves no room for doubt that the sale was of the entire
interest of Moses Ray, without regard to any encum-
brance thereon. The money received by William Bellin-
ger, therefore, constituted proceeds of property upon
which complainants held a mortgage, which proceeds
they could lawfully elect to claim, in lieu of the property
itself. Such an election ratified the disposition made by
Bellinger, and was a renunciation by complainants of all
right to further pursue the property itself, or the surviv-
ing partner. The amount received, then, by William
Bellinger, the administrator, on his sale of his intestate's
interest in the crops, became money in his hands which,
*ex aequo et bono*, belonged to complainants, by virtue of
their mortgage on the crops.

It is contended also that complainants had an adequate
and complete remedy at law. It is true they might have

maintained the equitable action for money had and received against William Bellinger, in a court of law; but that does not take away the right to enforce the equity in a court of chancery, as we held in *Westmoreland v. Foster*, 60 Ala. 448. Besides, the enforcement of complainant's mortgage security, in its original form, involved a foreclosure of the mortgage, itself involving a settlement of the partnership; and the corporate stock, held in pledge for the same debt, had to be disposed of. The bill was properly filed for these purposes. Jurisdiction was properly assumed, and it was competent for the court to do complete justice, in the cause, even had it been necessary, in some respects, to grant relief for which legal remedies were adequate.

It is said the estate of William Bellinger is insolvent. It has not been so declared, and there is no plea of *plene administravit* by Robert Bellinger.

The decree of the chancellor is affirmed.