# Moore, Kirkland & Co. v. Westinghouse Electric & Manufacturing Co.

## *Action of Assumpsit.*

1. *Action of assumpsit; insufficiency of plea of recoupment.*—In an action of assumpsit to recover the price of an electric plant sold to defendant for use in a manufacturing establishment, where there is filed a plea which alleges that defendant employed his laborers to work eleven hours a day and paid them as for that number of hours of work, and that in order to work so many hours, artificial light had to be used in the mornings and evenings in the fall, winter and early spring; that with knowledge of such circumstances and of the purpose of defendant in purchasing the electric plant, the plaintiff agreed, on September 30th, to deliver such plant on October 19th, following, but it was not delivered until December 12th following, thereby causing defendant to lose for 42 hours the benefit of the work of his laborers, who were paid for such time; that the cost of such labor to defendant was a definitely stated amount, which he paid and seeks to recover by recoupment as against plaintiffs demand,—such plea is insufficient and demurrable in that it is not shown by the averments of such plea that defendant sustained any loss by reason of the establishment not being operated during the 42 hours.

2. *Plea of recoupment; must show more than nominal damages.*—A plea of recoupment, which shows that defendant is entitled to no more than nominal damages, is bad on demurrer and can not be sustained.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JOHN R. TYSON.

This was an action of assumpsit brought by the appellee against "J. W. Moore, A. Kirkland and McD. Cain, partners, under the name of Moore, Kirkland & Co.," to recover the price of an electric light plant sold by plaintiff to defendants. The complaint counted on the common counts.

To the action the following pleas were filed: "1. Comes the defendant Cain and for answer to the com-

plaint says that he denies each and every allegation therein contained.

"2. And for further plea to said complaint, by way of recoupment, this defendant saith: That the defendant firm on, viz., June 1st, 1892, had constructed and completed for operation at Cordele, Georgia, a plant for the manufacture, drying and dressing of lumber, and had provided the machinery necessary and suitable for the conduct of their business. That their machinery was run by steam power, and consisted of several machines more or less connected, located in a long and wide building such as is usually used for a plant for the planing and dressing of lumber, and said machines could not with safety, be operated by persons unskilled in that particular business. That in the operation of the plant and the machines used in the manufacture and handling of the lumber, they had employed as laborers, of those who were skilled in the operation of the several machines used in their plant, a sufficient number to operate said machines. That they had employed said laborers to work from six A. M. to six P. M. of each week day, with an intermission from 12 M. to 1 P. M. for dinner, and to pay them for each working day, full wages. The aggregate daily wages of the laborers so employed by said firm was thirty-three dollars per day, at the rate of three dollars per hour for the eleven hours of work, and that these wages were paid by said firm. That from the nature of the business and character of their machinery which extended through and in said large building, it was impossible to operate the same without great danger in the dark. That at said plant during the late spring and summer months, except on very dark days, said machinery could be operated and the laborers worked the full time from six A. M. to six P. M. by day light. That on dark days, and about one hour in the morning and one in the evening of each day between six A. M. and six P. M. during the fall, winter and early spring months, it was too dark for the operation of the said machines, and the work of said laborers without artificial light; and during these days and these hours, said machinery could not be operated, nor said laborers work. That to keep its force of trained and skilled laborers in its employ, said firm had contracted to pay them full wages, without deduction for lost time occa-

sioned by want of light, at a rate aggregating thirty-three dollars for each laboring day. That on the 30th of September, 1892, the agent of the plaintiff, one Dusenberry, came to this defendant at the office of said firm, in the city of Montgomery, offered to make sale to the firm of an electric apparatus sufficient to light the plant of said firm. He, defendant, asked said agent about the price of the apparatus and how soon it could be delivered. Dusenberry said the plaintiff could furnish the apparatus to give the light they wanted for two hundred and seventy dollars and ninety-five cents, and could ship at once, as plaintiff kept small plants like that in stock. This defendant informed said agent of the facts concerning the nature and operation of their plant at Cordele, and of the condition of their contract for labor as set forth in this plea, and that it was necessary to obtain the electric apparatus as soon as possible. And that said agent said that he saw no reason why plaintiffs should not deliver the apparatus within two weeks from receipt of the order, and that they would ship within two weeks from such receipt. This defendant then gave the order for the purchase of the apparatus, the price of which is the subject matter of this suit, in the name of said firm; that said order was received by the plaintiff on October 5th, 1892; that the plaintiff, with full knowledge of all the facts stated in this plea, and of the special use to which said apparatus was to be put and for which it was bought, and the special circumstances of the manufacturing business of the defendant, contracted to ship said apparatus within two weeks from the receipt of the order. That the plaintiff failed to ship apparatus within said two weeks from said 5th October, 1892, and made several shipments of parts thereof beginning on November 2, 1892, and ending on December 12, 1892. That said apparatus could not be used, and could not furnish light until all its parts had been received. That by reason of the failure of plaintiff to ship said apparatus as agreed, the defendant was unable to procure light for the operation of their plant and machinery, and the work of their laborers for the full time for which they were employed and paid, and that between the time when said apparatus should have been received and put in operation, if the plaintiff had shipped the same within two weeks from the receipt of said order, viz., on Octo-

[Moore, Kirkland & Co. v. Westinghouse Electric & Mfg. Co.]

ber 5th, 1892, and the time when the last machinery was shipped, viz., December 12th, 1892, there were forty-two hours of said working days during which the defendant could not operate the plant nor work their labor without artificial light, and during which time said plant and labor were idle ; that the cost of said labor for each of said forty-two hours to the defendant, was the sum of three dollars, aggregating the sum of one hundred and twenty-six dollars, which was paid by the defendant. That said plant could have been operated, and said laborers worked during each of said hours, had said apparatus been in operation.   And the defendant says that said damage accrued to them and was suffered by them, and said loss incurred by them by reason of the plaintiffs' failure te ship said apparatus according to said contract, and they claim by way of recoupment, that said sum of $126 should be allowed them as damages for said breach, and deducted from the claim of the plaintiff as of the complete delivery of said apparatus, viz., December 12, 1892.   And defendant here offers to pay the balance of said $270.95 that shall remain."

The plaintiff demurred to the second plea upon the following grounds :   "1. The damages sought to be recouped are too remote.   2. The damages sought to be recouped are not the natural and proximate result of the delay of plaintiff in the delivery of said machinery.   3. It does not appear from the plea that the plaintiff warranted the delivery of said machinery at an earlier date than the date of actual delivery thereof.   4. It does not appear from the plea that the failure to operate defendants' plant for forty-two hours caused any loss to the defendant.   5. It does not appear from the plea but what the defendants could have avoided all the damages sought to be recouped.   6. It appears from said plea that the contract to pay. its labor by the hour for eleven hours per day work, without deduction for time lost on account of darkness, was made by defendants prior to the entering into the contract for the purchase of said machinery from the plaintiffs, and that the loss suffered by defendants, if any, was caused by defendants' contract with their laborers, and not by the violation of plaintiffs' contract."

Upon the trial of the cause, the following judgment was rendered :   "This cause coming on to be heard by

the court without the intervention of a jury, under an agreement of counsel to that effect, and the demurrer interposed by plaintiff to the plea numbered 'two,' filed by the defendant, having been duly argued and understood by the court, it is considered that the demurrer be and the same is sustained. Issue being then joined on the plea of the 'general issue,' the cause was submitted for decision by the court without a jury, and the evidence having been duly considered, the court finds the issue in favor of the plaintiff. It is, therefore, ordered and adjudged by the court that the plaintiff have and recover of the defendants Moore, Kirkland & Co., and McD. Cain [the other defendants not having been served, the suit was dismissed as to them] the sum of three hundred and seventeen dollars, besides the costs of suit, for which let execution issue.''

The defendants appeal, and assign as error the court's sustaining the demurrer to the defendant's second plea, and the judgment rendered.

LESTER C. SMITH and SAYRE & PEARSON, for appellant.—The second plea interposed by the defendants was clearly sufficient as a plea of recoupment. ''Recoup is defined as the right of the defendant, in the same action, to claim damages from the plaintiff, because he has not complied with some obligation of the contract upon which he sues, or because he has violated some duty which the law imposes on him in the making or performance of the contract.''—*Lawton v. Ricketts*, 104 Ala. 430.

The plea sets up a violation on the part of the plaintiff of the performance of the contract as to the time, and the special circumstances of that contract alleged to have been fully communicated to the plaintiff to show the the damages claimed were within the contemplation of the parties.—*Daughtery v. Amer. Un. Tel. Co.*, 75 Ala. 168; *W. U. T. Co. v. Way*, 83 Ala. 552. The facts alleged in the plea bring this case clearly within the principles declared fully in *Bell v. Reynolds*, 78 Ala. 511; s. c. 84 Ala. 496.

T. SCOTT SAYRE, *contra.*—The appellants can not recoup for any damages which they could have reasonably prevented. The plea does not aver that the appellants

[Moore, Kirkland & Co. v. Westinghouse Electric & Mfg. Co.]

were under any continuous binding contract with their labor for any specified time by which they were compelled to pay them for time when they were idle. It does not appear but what appellants could have saved themselves the necessity of paying their hands for eleven hours work per day irrespective of their actual working that length of time by terminating their contract and making a new contract either with them or other laborers, or by procuring other lighting apparatus in the market.—*Gooden v. Moses*, 99 Ala. 230; *Dryer v. Lewis*, 57 Ala. 551; *Strauss v. Meertief*, 64 Ala. 299; *Benton v. Fay*, 64 Ill. 417. The damages claimed in the plea are too remote.—*Reed Lumber Co. v. Lewis*, 94 Ala. 626; *Burton v. Holley*, 29 Ala. 318; *Sims v. Glazener*, 14 Ala. 695; *Pollock v. Gantt*, 69 Ala. 373; *Herring v. Skaggs*, 62 Ala. 180; *Higgins v. Mansfield*, 62 Ala. 267; *Daughtery v. Am. Union Tel. Co.*, 75 Ala. 168; *Willingham v. Hooven*, 74 Ga. 233; *Hadley v. Baxendale*, 9 Excheq. 341; *Pullman Car Co. v. Barker*, 4 Col. 344; *Snell v. Cottingham*, 72 Ill. 161; *Bridges v. Stickney*, 38 Me. 361. See also 16 N. Y. 489, and 2 Wis. 427.

HEAD, J.—The demurrer to the second plea was properly sustained. It is clear that under the facts as they are very fully set out in the plea, it is not shown that the defendants sustained any loss by reason of the plant not being operated during the forty-two hours. For aught that is averred to the contrary, the operation of the plant for nine instead of eleven hours, per day, resulted in no actual loss or damage to the defendants. Indeed, they may have saved by it. The court can indulge no presumption one way or the other. It was upon the defendants to aver and prove loss. The wages paid to the employès, under the circumstances set up in this plea, furnish no just criterion of damage whatever. Cases may arise where expenses incurred by one, preparatory to the performance of a contract by another, may form a proper measure of damage for the failure of such other to perform, but most clearly this is not one of them.

It is the general rule that demurrer is not the proper method of testing the correctness of an alleged measure of damage. The rule has been applied only to demurrers to complaints. If a complaint contains a cause of action,

the plaintiff sustaining it by proof is entitled to recover even though it shows he is entitled to no more than nominal damages, which, generally speaking, entitles him to a recovery of costs. Recoupment is matter of defense. A plea should be considered no defense, which does not defeat or substantially reduce the plaintiff's recovery. We hold that a plea of recoupment showing that the defendant is entitled to no more than nominal damages, is bad on demurrer.

Affirmed.