(103 So. 666)

MORRISON v. CHAMBERS et al.
(7 Div. 489.)

(Supreme Court of Alabama.   April 9, 1925.)

1. Courts ⬤⚊30—Jurisdiction in suit to cancel mortgage, or allow redemption by payment of amount due on it, not ousted by foreclosure.

Jurisdiction over suit to secure cancellation of mortgage or deed of trust, on ground that it was fully paid, subsequently amended to allow redemption by payment of amount due, if full payment were found not to have been made, held not ousted, for purposes of bill as amended, by foreclosure of trust deed pending suit.

2. Appeal and error ⬤⚊1033(7)—Mortgagee may not complain of decree ordering payment of amount due him.

In action to cancel mortgage or deed of trust as fully paid, although mortgage has been foreclosed in meantime, mortgagee may not complain of decree finding that mortgage had not been fully paid, and ordering reference to ascertain amount remaining due.

3. Appeal and error ⬤⚊1021—Findings of fact in reference as to amount due not disturbed, unless clearly wrong.

In reference to ascertain amount due on trust deed, where evidence as to payments on indebtedness were in conflict, all reasonable presumptions would be indulged in favor of decision, which would not be disturbed, unless clearly wrong, being on a question of fact, and therefore whether exceptions to report of register complied with procedural requirements of chancery rule 93 (Code 1923, pp. 935, 936) would not be considered.

4. Mortgages ⬤⚊117—Amount due on trust deed to secure promissory notes for payment of cotton clearly calculated.

In reference to determine amount due on deed of trust securing promissory notes for payment of a specified number of bales of cotton, or its equivalent in money, amount due in terms of money held correctly calculated on basis of value of cotton when due to be delivered, and as when so delivered.

5. Certiorari ⬤⚊6—Decision in mandamus proceedings, from which no appeal was taken, cannot be reviewed on certiorari.

Decision in proceeding by mandamus to have register make corrections in record as to testimony in reference, from which no appeal was taken, cannot be reviewed on certiorari.

6. Appeal and error ⬤⚊336(1)—Appeal by real party at interest, without notice to nominal party, will not be dismissed.

Appeal taken by real party at interest alone, where no notice was given to nominal party, will not be dismissed.

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge.

Bill in equity by Peter Chambers and another against G. F. Morrison and M. W. Phariss, as trustee. From the decree, respondent Morrison appeals. Affirmed.

---

⬤⚊For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Frank M. Savage, of Center, for appellant.

Counsel argue for error in the decree, and cite Dozier v. Mitchell, 65 Ala. 511; Sims, Ch. Pr. 596.

Hugh Reed, of Center, for appellees.

The appeal should be dismissed for want of proper parties. Sherrod v. McGruder, 209 Ala. 260, 96 So. 78; Code 1923, § 6143. Appellee's right of redemption was not affected by foreclosure pending suit. Fair v. Cummings, 197 Ala. 131, 72 So. 389; Brown v. Bell, 206 Ala. 182, 89 So. 659. A mere protest against the register's report is not sufficient. Campbell v. Claflin, 135 Ala. 527, 33 So. 275; Harper v. Raisin Fert. Co., 148 Ala. 360, 42 So. 550. The finding of the register has the effect of a jury verdict. Glover v. Hembree, 82 Ala. 324, 8 So. 251; Jones v. White, 112 Ala. 451, 20 So. 527; Ex parte Cairns, 209 Ala. 358, 96 So. 246; Bidwell v. Johnson, 195 Ala. 547, 70 So. 685.

GARDNER, J. [1] The bill as originally filed by appellees against the appellant sought the cancellation of the mortgage or deed of trust upon the ground that the same had been fully paid. The bill was subsequently amended, so as to seek the alternative relief that, in the event it should be ascertained complainants were mistaken as to the full payment of the deed of trust, they be permitted to exercise their equity of redemption by a payment of the amount found to be due thereon. The foreclosure of the deed of trust pending this litigation did not oust the jurisdiction of the court for the purposes of the bill as amended. Brown v. Bell, 206 Ala. 182, 89 So. 659; Fair v. Cummings, 197 Ala. 131, 72 So. 389.

[2] The chancellor concluded from the evidence that the deed of trust had not been fully paid, and entered a decree of reference to the register to ascertain the amount remaining due thereon. This decree was favorable to the respondent, and, very clearly, there is nothing presented in this decree of which respondent can complain.

[3] The reference was held pursuant to said decree, and in the report of the register the amount remaining unpaid was found to be the sum of $56.16. Respondent filed what is termed his "protest and objection" to this report of the register. It may be seriously questioned that respondent has sufficiently complied with chancery rule 93 (Code 1923, pages 935, 936) as to filing exceptions to the report of the register. McGuire v. Appling, 157 Ala. 310, 47 So. 700. But, putting the question of procedure aside, we do not find error in the decree confirming the report. The evidence as to payments on the indebtedness was in conflict. It is a well-established rule that all reasonable presumptions will be indulged in favor of the register's decision on questions of fact, and his conclusion thereon will not be disturbed, unless the court is clearly satisfied it is wrong. Harper v. Fertilizer Co., 148 Ala. 360, 42 So. 550; Jones v. White, 112 Ala. 451, 20 So. 527.

[4] Upon due consideration of the evidence, we are of the opinion the decree of the chancellor confirming the register's report should not be here disturbed. The deed of trust was given to secure certain promissory notes for the payment of a specified number of bales of cotton or "its equivalent in money." The register correctly calculated the amount due in terms of money on a basis of the value of the cotton when due to be delivered, and as when so delivered. The objection to the method of calculation is without merit. These considerations dispose of the cause upon its merits, but two other questions remain to be briefly treated.

[5] The record of this cause, as here presented, is in conformity to the record in the court below. Respondent sought, however, in a proceeding by mandamus to have the register change or make certain corrections, as he insists, in the record as to one phase of the testimony, the nature and character of which it is unnecessary here to relate. The mandamus cause was tried and determined adversely to respondent, petitioner in said proceedings. From that ruling no appeal was taken, but upon submission of this cause motion was made for the issuance of a writ of certiorari to accomplish the same purpose sought in the mandamus proceeding. It is clear that this court cannot in this manner review such collateral proceedings. The remedy was by direct appeal from the decision in the mandamus cause. The application for certiorari will be denied.

[6] It is suggested in brief of counsel for appellee that the appeal should be dismissed by this court of its own motion, upon the ground it was taken by G. W. Morrison alone, and no notice given to the other respondent, Phariss, the trustee—citing Sherrod v. McGruder, 209 Ala. 260, 96 So. 78. We are of the opinion this record discloses that the court, as well as all parties, considered Morrison as the sole respondent. He was the cestui que trust, in equity the real owner of the debt and mortgage (Town of Carbon Hill v. Marks, 204 Ala. 622, 86 So. 903), and the trustee was a mere nominal party, so far as any meritorious question was concerned. No decree was rendered against the trustee, and, as previously stated, Morrison was treated and considered as the real party respondent.

Under these circumstances we are of the opinion the holding of the court in Sherrod v. McGruder, supra, is not to be given application, and that the appeal should not be dismissed.

We find no reversible error. Let the decree be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.