(112 So. 207)

JONES v. MOORE (6 Div. 802.)

Supreme Court of Alabama.   March 24, 1927.

1. Appeal and error ⚫220—Register's report held ·conclusive on appeal, where no exceptions thereto were taken within prescribed time (Code 1923, vol. 4, p. 936, rule 94).

Under Code 1923, vol. 4,· p. 936, rule 94, failure to file exceptions to register's report, duly read and laid over for exceptions, within prescribed time, held tantamount to admission of its correctness, and objection to report cannot be raised for first time on appeal.

2. Appeal and error ⚫837(1)—Equity ⚫356 —Evidence, not noted by register on submission, may not be considered by trial judge, nor on appeal (Code 1923, vol. 4, p. 930, rule 75).

Evidence, not noted by register on submission as provided ·by Code 1923, vol. 4, p. 930, rule 75, may not be considered by trial judge, nor on appeal.

Appeal from Circuit Court, Jefferson County; W. M. Walker, Judge.

Bill in equity by T. R. Jones against J. D. Moore.   From a decree confirming the report of the register, complainant appeals. Affirmed.

See, also, 212 Ala. 248, 102 So. 200.

Harsh & Harsh, of Birmingham, and Sollie & Sollie, of Ozark, for appellant. .

There were errors as to computation of interest apparent on the fact of the register's report, and the court was without legal authority to confirm the report whether or not exceptions were taken by the appellant. Bobe v. Stickney, 36 Ala. 482; Clark v. Knox, 70 Ala. 608, 45 Am. Rep. 93; Levert v. Redwood, 9 Port. 79; Gerald v. Miller, 21 Ala. 433; Harbin v. Bell, 54 Ala. 389; Lang v. Brown, 21 Ala. 179, 56 Am. Dec. 244; Whetstone v: McQueen, 137 Ala. 301, 34 So. 229. The Supreme Court will not undertake to state the account incorrectly stated by the register, but will reverse the decree confirming it and remand the cause for additional accounting before the register.   Hunt v. Stockton, 113 Ala. 387, 21 So. 454.

Cabaniss, Johnston, Cocke & Cabaniss, of Birmingham, for appellee.

Where a report is made by the register after holding a reference, and no exception is taken to that report, the findings of the register are conclusive on appeal.   Bailey v. Jordan, 32 Ala. 50; Lehman v. Levy, 69 Ala. 48; Waldrop v. Carnes, 62 Ala. 374; National Bank v. McDonnell, 92 Ala. 387, 9 So. 149; Bellinger v. Lehman, Durr & Co., 103 Ala. 385, 15 So. 600; McGuire v. Appling, 157 Ala. 310, 47 So. 700; Compton v. Collins, 197 Ala. 642, 73 So. 334; Kennedy v. Sorsby, 209 Ala. 188, 95 So. 891. The court is without jurisdiction to review the first decree affirmed on former appeal. Jones v. Wilson, 54 Ala. 50; Stoudenmire v. De Bardelaben, 85 Ala. 85, 4 So. 723; Burgin v. Sugg, 210 Ala. 142, 97 So. 216. Testimony not noted will not be considered.   Rule 75, 4 Code 1923, p. 930.

THOMAS, J.   The case is reported on first appeal as 212 Ala. 248, 102 So. 200.   The register held a reference in response to former decree so affirmed, and ascertained the amount required to redeem several securities. The report was duly read and ordered to lie over for the purpose of exceptions— to which exceptions were not taken—and the report was confirmed.

[1] The earlier decisions were to the effect that a report, though erroneous on its face, "may be inquired into without any exception taken to the register's report." Levert v. Redwood, 9 Port. 79, 94; Lang v. Brown, 21 Ala. 179, 56 Am. Dec. 244. And in Bobe's Heirs v. Stickney, 36 Ala. 482, it was declared that, where the decretal order defined the rules by which the register was to be governed in taking the account and there

was conformance to the directions contained in the decree of reference, if error there was, it was patent on the face of the decree, without resort to the report of the register, and exceptions thereto held, exception to the report was not necessary to review. The same rule was applied in Harbin, Adm'r, v. Bell, 54 Ala. 389.

The rule as to exceptions to reports of registers was given expression in the Code of 1876, p. 174, rule 93; vol. 4, Code of 1923, p. 935, rule 93. In Clark v. Knox, 70 Ala. 607, 625, 626 (45 Am. Rep. 93), Judge Stone said of the general statement of the English rule, that, "Objections, not made or insisted upon before the register, must be considered as waived or abandoned," was stating the rule in this state "too broadly"; that rules 92 and 93 of the Code of 1876, p. 174, and of the Code of 1923, p. 935, have materially modified the English rule. He concluded the matter by saying:

"This rule (89) [Code 1876; section 88, Code 1923] provides for an exception before the register. It is when there are 'exceptions to his rulings on testimony, admitted or rejected by him.' These he must note, and if the exception is not then taken, it is waived. Rule 93 prescribes how exceptions are to be taken in the chancery court, and in what manner testimony, to sustain or defeat the exception, is to be brought before the court. All this is done before the court, and not before the register. * * *

"When, however, the register's report, or the testimony, one or both, show that he has disobeyed the mandate of the decretal order, or chancellor's instructions, or that he has otherwise committed some positive error of law or of fact, it is not necessary that any motion or exception should be made or taken before him, or that he shall be notified an exception will be taken. A day is allowed, after the report is read in court, for filing exceptions to it; and it is not necessary that any one shall have earlier notice of the intention to except to it. Rule 94 of Chancery Practice. See Harbin v. Bell, 54 Ala. 389; Moore v. Randolph's Adm'r, at the present term (70 Ala. 575). We therefore hold that the rule is stated too broadly in the opinion of the Chief Justice, and the rule herein stated is the true one under our rules of practice."

A general statement of the rule of the later cases is that a register's report is conclusive on appeal, where no exceptions are taken to the report or to any part thereof within the time prescribed. Rule 93, vol. 4, Code of 1923, p. 935; Morrison v. Chambers, 212 Ala. 574, 103 So. 666; Kennedy v. Sorsby, 209 Ala. 188, 95 So. 891; Pitts v. Walker, 212 Ala. 645, 103 So. 850; Woodruff v. Smith, 127 Ala. 65, 28 So. 736; McGuire v. Appling, 157 Ala. 309, 47 So. 700. That is to say, a finding of facts by the register on reference, which is confirmed without exception, is conclusive on appeal. Bellinger,

Adm'r, v. Lehman, Durr & Co., 103 Ala. 385, 387, 15 So. 600.

The failure to file exceptions was tantamount to an admission of the correctness of the report, and no objection to its correctness can be raised for the first time in this court. Nat. Com. Bank v. McDonnell, 92 Ala. 387, 397, 9 So. 149.

In Lehman v. Levy, 69 Ala. 48, Judge Stone said of error by the register in computing interest, that where there was no exception to the register's report challenging the correctness of said computation, there was no authority for this "to go beyond" the scope of the limited exception made or reserved to the register's report in other respects. Waldrop v. Carnes, 62 Ala. 374. And the fact remains that the report of the register duly laid over for exception and the same was not taken as provided by the rule.

[2] It is established that, when a case is submitted for final decree, testimony not presented by the required note of testimony will not be considered by the trial judge, nor will it be considered by this court. Rule 75, vol. 4, Code 1923, p. 930; Crews v. Patterson, 206 Ala. 101, 89 So. 205; Brassell v. Brassell, 205 Ala. 201, 87 So. 347; 500 Sacks of Feed, 205 Ala. 315, 87 So. 348; Lunday v. Jones, 204 Ala. 326, 85 So. 411; Potts v. Court of Commissioners, 203 Ala. 300, 303, 82 So. 550; Harn v. Common Council of Dadeville, 100 Ala. 20, 14 So. 9; Reese v. Barker, 85 Ala. 474, 5 So. 305.

Conceding that the facts canvassed by the register may be re-examined, as to the redemption of shares of stock in LaDura Consolidated Mine Co., and as to the Middlebrooks notes, the record shows the only testimony noted by the register was that offered by appellee, defendant. The rule (chancery court, No. 75) precluded the consideration of complainant's testimony by the circuit judge sitting in equity court. For this additional reason a re-examining of the facts in the light of complainant's evidence, not noted by the register on submission, will not be made. Kelley v. Chandler, 200 Ala. 215, 75 So. 973; Potts v. Court of Com'rs, 203 Ala. 300, 82 So. 550; Beck v. Burchfield, 205 Ala. 486, 88 So. 417.

The time for appeal from the challenged decree has long since expired, and only questions duly presented as to finding of the register may be considered. Burgin v. Sugg, 210 Ala. 142, 97 So. 216; Kirkland v. Mills, 138 Ala. 192, 35 So. 40; Stoudenmire v. De Bardelaben, 85 Ala. 85, 4 So. 723.

The decree of the circuit court in equity is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BROWN, JJ., concur.