(118 So. 342)

## CONE et al. v. BARGANIER et al.
### (3 Div. 834.)

Supreme Court of Alabama. June 28, 1928.

Rehearing Denied Nov. 1, 1928.

C. H. Roquemore, of Montgomery, for appellants.

Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellee Ella Barganier.

THOMAS, J. ▮ Appellant urges here that the probate court acted upon the application for probate of the will of Mr. Barganier without all interested parties being brought before that court. This suggestion is untenable on appeal, without the question was reserved in the lower court and presented for review in the manner recognized by the courts. If appellant desired to duly present the question of parties, he should have moved the probate court to set aside the probate, or there become a party and sued out an appeal.

▮ The probate of a will is in nature a proceeding in rem, and by appropriate procedure and pleadings, by a party in interest, may become inter partes. The probate of a will is conclusive on all parties, or persons in interest, until duly set aside on direct action

294

or attack, and may not be impeached collaterally for an irregularity that may have intervened in the procedure and decree of probate. Hall's Heirs v. Hall, 47 Ala. 295. The probate of a will is held to relate back to the death of the testator, and speaks as of that date. Murphree v. Griffis, 215 Ala. 98, 109 So. 746, 48 A. L. R. 1032; Pearce v. Pearce, 199 Ala. 491, 496, 74 So. 952; Caldwell v. Caldwell, 204 Ala. 161, 85 So. 493; Harrison v. Harrison, 213 Ala. 418, 105 So. 179; Brizendine v. Amer. Trust & Savings Bank, 211 Ala. 694, 101 So. 618.

It is insisted by appellant that the action of the lower court was in error, in directing the personal representative to deliver personal property to the widow under the law and pursuant to her dissent from the will of her deceased husband. This objection is answered in the fact that the motion and objection to such action in the lower court, by appellant and others, to the granting of the widow's petition, was dismissed pursuant to his motion in open court; that is, it was upon appellant's motion to dismiss his objection that said order of dismissal was entered, and the judgment rendered so recites that its order or decree rendered of date of September 11, 1926, on the petition of Ella Barganier "be and is hereby in all things ratified, confirmed, and held in full force and effect." The court heard the evidence on the petition of Mrs. Barganier, ore tenus in open court, and under that pleading and issues of fact presented established and so decreed and ordered the right of said petitioner as the lawful widow of testator or decedent, Barganier. Moreover, the court in that proceeding and in that order and decree followed the analogy to be found in and prescribed for the payment of legacies, and how the same may be compelled of payment by a personal representative, and how payment may be made to a widow who has dissented from the will, to compel payment of her distributive share or interest in the estate of the deceased husband. Section 5975, Code. It may be that, if an appeal had been duly taken from the decree of September 11, 1926, directing the distribution of funds of the estate, it would, as to this action of the court, have been held a final decree. De Graffenreid v. Breitling, 192 Ala. 254, 68 So. 265. It is, however, unnecessary to decide this question now.

The further insistence of appellant is that the trial court was in error in the construction given item 3 of the will of testator. This could not affect the rights of the widow who dissented from the will and took under the statute. That construction did not affect directly the executors; the widow by her dissent placed it beyond her power, if such was contained in the will, to *rent* the plantation to Hall. Her action defeated her right of rental and thereby removed the obstacle to the investing in Hall the storehouse and lot and the dwelling and lot at Cecil, Ala., then

used and occupied by Hall. Item 3 is as follows:

"I hereby devise and bequeath to E. O. Hall the storehouse and lot at Cecil, Alabama, being the storehouse and lot now used by him and also the dwelling and lot at Cecil, Alabama, now used and occupied by him, to have and to hold *as long as he rents the said Judkins, Sledge and Young plantations from my wife*, said Ella Barganier, at the present rental and under the present terms and to own the said property in fee simple at the death of said Ella Barganier, or when she may refuse to rent the said Judkins, Sledge and Young plantations to him." (Italics supplied.)

When the widow dissented from the will, she renounced her right and title thereunder to the Judkins, Sledge, and Young plantations, which had been devised to her by item 2 "for and during the term of her natural life." Thereafter her only interest was that for the assignment of dower, a mere chose in action, "a right lying in action," rather than a legal title (Upshaw v. Upshaw, 180 Ala. 204, 60 So. 804; Yarbrough v. Yarbrough, 200 Ala. 184, 75 So. 932; Whitehead v. Boutwell, 117 So. 623;[1] Bettis v. McNider, 137 Ala. 588, 34 So. 813, 97 Am. St. Rep. 59; Reeves v. Brooks, 80 Ala. 26); that is to say, after her dissent, it was impossible for her in law and in fact to rent to Hall the places named in the will. After that dissent Ella Barganier was not the owner of the life estate; that intervening estate being removed was the happening of the contingency, stipulated for by the testator, when Hall should become owner of the storehouse, dwelling, and lots on which same respectively stood, in fee simple. This was the correct construction of the lower court, was in accord with that of testamentary instruments and the intention of testator, and was within the law.

The fact that the property was under lease between testator and Hall, at the time of testator's death or probate of his will, did not impose conditions on Hall not contained in the will, as to his duty in the premises and his title to the property, which the will speaks of, on date of the death of testator; yet conditions imposed on his title to the property devised were affected by the dissent that related back to title.

The exceptions of the guardian ad litem, for the minors, to the confirmation of the report of the commissioners setting apart to the widow homestead and dower rights, were withdrawn at the trial, and, if not, were not serviceable to the appellant, who was not a minor, since appellant cannot here assign error for the minors or for the guardian ad litem.

The record shows that "on submission to Judge McCord on exceptions to [the] report of the commissioners," the appellees introduced "the commissioners' report,

[1] Ante, p. 109.

\* \*'\* and rested, the report setting aside dower," and opposing counsel announced that they "withdrew the exceptions and let the report stand." Adverse counsel further stated that it was agreed that this report was of date of August 6, 1927, and to this appellant's counsel assented. The court recited in its decree the following:

"This cause coming on to be heard is submitted for decree upon the report of the commissioners setting off the dower and homestead to the widow, Ella Barganier, which report was filed herein on the 24th day of June, 1927, and was on, to wit, the 25th day of June, 1927, read and ordered to lie over for 30 days for exceptions, and to which report exceptions were filed on, to wit, the 25th day of July, 1927, by Claudie Cone, F. E. Cone, J. D. Cone, E. L. Cone, Robert Cone, B. L. Cone, Eunice Cone Green, and Ella Morgan Webb, by and through their solicitor of record, C. H. Roquemore, Esq., and thereupon the court fixed the 6th day of August, 1927, as the day for the hearing of said exceptions, of which 10 days' notice was given and accepted by the solicitor for the parties excepting the guardian ad litem for the minor heirs and the solicitors for the widow, and on, to wit, said 6th day of August, 1927, said parties so excepting appeared in open court by and through their solicitor of record, C. H. Roquemore, Esq., and formally withdrew their said exceptions.

"It is therefore ordered that their said exceptions to the said report of the commissioners be and the same are hereby withdrawn and stricken."

This action is conclusive on appellant as to his exceptions to the report and his right to assign errors that are available to him in this court.

The other assignments of error may be grouped as relating to the overruling by the trial court of appellant's exceptions to the report of the register. In this it was the duty of appellant to specifically and sufficiently "call such testimony to the attention of the circuit judge," to show the prejudicial error which complainant then duly made and insisted upon; the evidence supporting the respective insistences duly noted and pointed out. Code, § 6598; Chancery Rule 93, p. 935, vol. 4; Ex parte Cairnes, 209 Ala. 358, 96 So. 246; Morrison v. Chambers, 212 Ala. 574, 103 So. 666; Jones v. Moore, 215 Ala. 579, 112 So. 207. We find no error in the action of the trial court.

The question of who were entitled to distribution and the respective interest thereof is, in the decree, referred to the register for further report to the court. There were many, and it may be scattered beneficiaries that would require the register to take evidence in that effort to ascertain who were entitled to the distribution, and the matter of distribution of that part of the estate is merely held in abeyance until the coming in of that final report and ascertainment. There was no error to reverse in this reference to the register before distribution; that official requested further time of the court "for the investigation on this question" and further report; the date of his report was September 8, 1927. This was granted by the decree of September 26, 1927.

The effect of a register's report and how to challenge the same are well understood by the courts and profession. Jones v. Moore, 215 Ala. 579, 112 So. 207; Bailes v. Bailes, 216 Ala. 569, 114 So. 185; Ex parte Jackson, 212 Ala. 496, 103 So. 558; Adalex Const. Co. v. Atkins, 214 Ala. 53, 106 So. 338; Jones v. White, 112 Ala. 452, 20 So. 527. The register's report as made, and on which distribution to the widow was made, as to rents, etc., rested upon oral evidence; and when that report was confirmed and approved by the court, it had the effect of a jury finding, and all reasonable presumptions in the lower court and in this court are indulged to support the register's finding of fact. Ex parte Cairnes, supra; Bidwell v. Johnson, 195 Ala. 547, 70 So. 685; Bailes v. Bailes, supra.

The lease to Hall from Barganier provided for the payment of $5,300 as gross rental on the lands named. The register found that of said amount stipulated as rents $650 was the reasonable rental value of the lands devised by Mr. Barganier to Hall that had been theretofore included by testator in the lease and as a part of the above-recited gross rental. The decree of abatement or reduction of this amount of the yearly rental under the lease, in the amount of $650 was well founded, and the rental to be collected under that lease was therefore $4,650 rather than $5,300.

The court then by the decree divided the amount, giving to Mrs. Barganier $2,200 and the other parties $2,450. The Hall lease ended December 31, 1929, and, as has been indicated, covered rent for the property and plantations assigned to the widow as part of her dower, that which was devised to Hall, and the part of the rent thereof on the property not so assigned or devised and as devised to the heirs of Mr. Barganier. Mr. Hall was disinterested in the apportionment to be made between the widow and the heirs. He testified that it was his best judgment that the rent on the lands going to the heirs was reasonably worth $2,450 and that the balance of $2,200 would be the widow's part. The register, as the trier of the facts, accepted, as true, this evidence and apportionment, as being just in the premises and in accord with the facts. That official's report to the court was by the lower court confirmed, and his finding of facts and the apportionment of rents were so decreed.

We find no reversible error, and the judgment or decree of the circuit court, in equity, is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BROWN, JJ., concur.