STATE *ex rel.* DAHLBERG *v.* AMERICAN SURETY Co. *et al.*

(*Knoxville,* September Term, 1938.)

Opinion filed November 25, 1938.

GREEN, WEBB, BASS & McCAMPBELL, of Knoxville, for complainant.

FOWLER & FOWLER, WM. C. WILSON, DONALDSON & MONTGOMERY, and JOHN C. BAUGH, all of Knoxville, for defendants.

MR. JUSTICE COOK delivered the opinion of the Court.

Mrs. Carolyn P. Brown qualified as administratrix with the will annexed of the estate of John Scruggs Brown. The American Surety Company became surety on the

bond. The estate that came into the custody of the administratrix under the appointment of the Knox County Court is shown by the inventory to be of the value of $142,181.82. This did not include a large estate deposited in trust in New York with City Bank-Farmers Trust Company.

The administratrix employed complainant B. I. Dahlberg to prepare and file tax reports to the State and Federal Government. After the reports on the estate in Knox County were filed, the Internal Revenue Department ruled that the trust estate held in New York was taxable. It is stated in the bill that complainant, acting for the administratrix, protested the additional claim and filed briefs and made argument before the Commissioner of Internal Revenue and procured commitments for reduction of the tax to $123,101.05, but no settlement was made. Before final adjustment of the tax, an attorney employed by the administratrix took charge of the matter and made the settlement. Complainant was not paid for his services in connection with the adjustment of the additional tax claim.

On August 27, 1937, the administratrix filed an inventory and made a settlement with the County Court of Knox County. In the settlement, it was reported that all debts of the estate had been paid except a balance of the cost of administration, the exact amount not ascertainable at that time, and a small balance of the state inheritance tax. The administratrix also reported that there was a controversy with the federal government over the succession tax. An order was entered by the County Court approving the settlement. On August 26, 1937, the administratrix, and beneficiary of the estate, filed a petition for the appointment of a trustee as pro-

508

vided in the will of John Scruggs Brown and J. T. De-Witt was appointed. By order of the court, the trustee was authorized to receive from the administratrix all assets of the estate in her hands.

It is stated in the bill that DeWitt, trustee, turned over the assets to the City Bank-Farmers Trust Company and that there is no part of the estate in the hands of the administratrix or the trustee with which to pay costs of administration; and all assets having been dissipated or converted by the administratrix to her own use, the surety on her bond is liable to complainant who saved the estate $219,561 by reduction of the federal taxes. It is charged that complainant is entitled to compensation of from 15% to 33⅓% on the tax abated through his services. The prayer of the bill is for a decree against the surety for the value of services rendered the administratrix in procuring a reduction of the federal tax claim.

The chancellor sustained twelve grounds of the demurrer to complainant's bill, among them, because complainant as employe of the administratrix is not the creditor of the estate and cannot maintain his action against the surety for the services rendered the administratrix. The controversy is between the complainant, an employe of the administratrix, and the surety on the administration bond. The complainant is not in the position of a beneficiary or a creditor of the estate, authorized to sue for a distributive interest in the estate under Code, section 8347, but that of a claimant for services rendered the administratrix.

Administrators in discharge of their duty may do many things for which the estate would be ultimately liable, but that liability can be based as a charge against the estate only by presentation of accounts on behalf of

the administrator in which he seeks and obtains credit for claims created by him against the estate in discharge of his duties. It is said by some text writers that it is doubtful if an instance can be conceived in which the administrator can be sued as such upon a contract entered into by him and judgment rendered payable out of the assets of the estate, where no liability existed against the decedent in his lifetime. And so, until the charge for services rendered the administratrix has been approved and allowed as part of the expense of administration, it cannot become an obligation of the surety on the bond.

■■ The bond in this instance is statutory. In general terms, it conditions liability of the surety upon the faithful performance of the obligation assumed by it, that is, the obligation of the administratrix to account for and pay over the estate to creditors and distributees after their rights have been determined. While as above stated the administratrix could employ complainant to aid in settlement of the estate, the employment was in her individual capacity and imposed no obligation that could extend to the estate until charged against it in the settlement. While such administrative expenses incurred by the administrator as personal representative for the preservation of the estate may be credited on the accounts of administrator on settlement, subject to the approval of the court, they are not allowed as a debt against the estate, but only as part of the administrator's expense account allowable on settlement. *Campbell* v. *American Bonding Co.,* 172 Ala., 458, 55 So., 306; *Ellsworth* v. *Struckmeyer,* 27 Ariz., 484, 232 P., 56; *Gilleylen* v. *Hallman,* 141 Ark., 52, 216 S. W., 15; *Howell* v. *Myer,* 105 Miss., 771, 63 So., 233.

■ The foregoing proposition is in accord with the principle applied in *Porterfield* v. *Taliaferro,* 77 Tenn. (9 Lea), 242, 245, *Carter* v. *Young,* 77 Tenn. (9 Lea), 210. The claim of complainant, being against the administrator, and not having been presented and allowed on settlement of the estate, is not an obligation assumed by the surety on the bond.

Affirmed.