195 So. 865

**SEIPLE v. MITCHELL et al.**

**1 Div. 79.**

Supreme Court of Alabama.

May 9, 1940.

Harry T. Smith & Caffey, of Mobile, for appellees.

Geo. A. Sossaman, of Mobile, for appellant.

FOSTER, Justice.

This is an appeal by the receiver from a decree of the court on his application to fix the amount of his compensation, in

which the court fixed an amount unsatisfactory to him.

■ There being no statute which controls this question, nor which furnishes a guide for doing so, it is primarily within the sound discretion of the court having the custody and control of the receivership, having regard to all the relevant circumstances. And, in reviewing an exercise of that discretion on appeal, this Court will have much respect for the judgment of that court. There must appear to be an abuse of discretion or a failure to give due consideration to some legal question or factual status. Pitts v. Walker, 212 Ala. 645, 103 So. 850; Clifford v. Montgomery, 202 Ala. 609, 81 So. 551; Stuart v. Boulware, 133 U.S. 78, 10 S.Ct. 242, 33 L.Ed. 568; Trustees of Int. Improvement Fund v. Greenough, 105 U.S. 527, 26 L.Ed. 1157.

■ When a trust is created by agreement in which the compensation of the trustee is fixed, it will be so limited. Birmingham Trust & Savings Co. v. Hightower, 233 Ala. 39, 169 So. 878; 65 Corpus Juris 912, 925; Washington Loan & T. Co. v. Convention of P. E. Church, 54 App.D.C. 14, 293 F. 833, 34 A.L.R. 913, 918.

This is also effective to bind an executor named in a will which fixed his compensation as such, though no other trust relation is created. 24 Corpus Juris 989, section 2424, page 991, section 2425.

■ But a different rule obtains when an agreement is made between complainant and a proposed receiver. The court will closely scrutinize the bargain, when it arises, and if it seems clear that there is no overreaching, and it is beneficial to the trust, the court may properly respect and enforce its terms. Polk v. Johnson, 160 Ind. 292, 66 N.E. 752, 98 Am.St.Rep. 274; 53 Corpus Juris 383. Such an agreement is binding on the receiver but not on the court. Drake v. Drake, 66 Ind.App. 85, 117 N.E. 871.

■ In this case the court was apparently controlled to a large extent by an agreement made with the receiver by the complainant at the time of his appointment. The receivership was of a small chain of lunch stores and accessories, in which the receiver had been employed theretofore. His compensation had been weekly, and was increased by such agreement. True the court was not a party to such agreement and did not approve it in advance. Certain reasons are urged here, as they were in the trial court, why the receiver should not be bound by that agreement. No doubt all of them were given consideration by that court in exercising its discretion. We do not think they show an abuse of discretion, nor a failure to give due regard to any legal or factual status apparent in the record.

Affirmed.

GARDNER, C. J., and THOMAS and BOULDIN, JJ., concur.