William J. Regan, S.
This is a proceeding to judicially settle the trustees ’ accounts in which a construction is sought on several questions raised by petitioners.
Peter C. Cornell died a resident of Brie County on September 24, 1948. His last will and testament was admitted to probate in this court on September 28,1948 and letters of trusteeship of a charitable trust set out in article 12 of the will were issued on October 20, 1948 to Katharine Cornell McClintic, S. Douglas Cornell and John Cornell. The three trustees acted as trustees from the date of their appointment until January 8, 1969 when John Cornell died. This judicial settlement pertains to the accounts prepared by the two surviving trustees joined in by the executor of the estate of John Cornell, together with certain matters relating to the appointment of successor trustees which are now before this court.
Article Sixteenth (c) of the will applicable to the charitable trust created under article Twelfth provides: “ (c). The proceeds from the sale, payment or other disposition, whether at a profit or loss, of any property constituting principal, including mortgages and real estate acquired through foreclosure of mortgages or otherwise, shall normally be dealt with as principal, even if the property shall have produced no income, but my Trustees above named are authorized in their absolute discretion to allocate a portion of any such proceeds to income.” Capital assets forming part of a trust are generally held as principal, including the proceeds of any sale thereof, although it is possible that the will may provide otherwise. (Matter of Ross, 151 N. Y. S. 2d 1022; Matter of Gerry, 103 N. Y. 445; Matter of Eger, 139 Misc. 59; EPTL 11-2.1, subd. [b], par. [2] and subd. [a], par. [1], subpar. [A].)
A proposal has been submitted to the court entered into by all parties which is in effect an agreement to limit invasions of principal in connection with the above-quoted portion of the will. The court is in accord with this agreement and the decree in this proceeding may incorporate the terms thereof, guaranteeing that *236 the fair market value of the principal of the trust will not at any time he less than $2,400,000.
Because of the death of John 'Cornell the surviving trustees desire to nominate a successor trustee pursuant to article Twelfth of the will, which states in part: ‘ ‘ Upon the death or retirement of either of the above named Trustees, I hereby nominate and appoint Mildred Baker Rosa, if she be then in the employ of my estate, and if not, George P. Keating, to fill any such vacancy as Trustee, and in the event of their death or disability, I authorize and empower the survivor or survivors to nominate a Successor Trustee or Trustees to carry out the Trust hereby created; all such Trustees to serve without bonds.”
In article Seventeenth of the will decedent stated as follows: ‘11 direct that the individual Trustees nominated and appointed herein shall serve without compensation. I here refer to the Trustees of the Trico Securities Corporation stock.”
It appears that Mildred Baker Rosa is not employed by decedent’s estate and George P. Keating, the other successor trustee named, is deceased. The court is to determine whether the direction that 1 ‘ the individual trustees nominated and appointed herein shall serve without compensation ” applies to all individual trustees of the charitable trust whether they are the original or successor trustees. It has been urged that the above-quoted phrase refers to those originally appointed or nominated in the will but in the court’s opinion this language was intended to distinguish between individual successor trustees and corporate successor trustees. From a reading of the entire will the court gains the impression that testator made no distinction among trustees, whether original or successor. The designation of ‘ ‘ individual ’ ’, therefore, is to distinguish it from corporate fiduciaries. In the last paragraph of article Seventeenth he states: “All action taken hereunder may he taken by a majority of the Trustees above named at the time in office. Any Trustee acting hereunder may delegate any of his rights, powers, duties, authority and privileges, whether or not discretionary, to any other Trustee at the time acting hereunder by an instrument in writing which shall he revocable at any time. Any Trustee acting hereunder may resign at any time by an instrument in writing filed with the other Trustees or Trustee at the time in office.” The above-quoted paragraph immediately follows the paragraph wherein trustees are to receive no compensation. It is true that the original trustees named and the nominated successor trustees were members of *237 testator’s family or closely connected with him. Nevertheless, this is a charitable trust and the direction by testator that no compensation be paid is to inure to the benefit of and enhance the charitable trust. There is no question but that the testator may, by mandatory language, direct that a fiduciary act without compensation. (Matter of Cohen, 128 Misc. 906; Matter of Daly, 1 N Y 2d 100; Matter of Flagg, 192 Misc. 397.)
It is the holding of this court that no compensation shall be paid to a successor individual trustee. The court does not believe, nor has it been shown that there will be any difficulty in finding a qualified successor trustee to take the vacant post.
Projecting this holding, it is the court’s Relief that should a corporate trustee be appointed successor, commissions will be payable to such fiduciary only.
SOPA 2308 (subd. 6, par. [c]) provides in part as follows: “ Notwithstanding any provisions of the foregoing paragraphs (a) and (b) of this subdivision to the contrary if, during the continuance of a trust created solely for public, religious, charitable, scientific, literary, educational or fraternal uses or during the continuance of such a trust after the termination of a life use or uses, the annual income of the trust amounts to $4,000 or more and there is more than 1 trustee, each trustee is entitled to the full commission allowed under subdivision 5 to a sole trustee unless there are more than 2. In which case the commissions to which 2 trustees would be entitled must be apportioned among the trustees according to the services rendered by them respectively”. Consequently, inasmuch as two of the surviving trustees are under the will not entitled to receive any commission, the court believes that a corporate trustee acting as the third trustee and entitled to compensation, should receive only two thirds of a full commission. Again, the court believes that any benefits or advantages provided by the will and/or by the law should inure to the benefit of the charitable trust, not to the third trustees.
In connection with the entitlement of commissions as above stated, the determination is made that no commissions will be payable to any surviving trustee at any time upon the principal assets allocated to income in accordance with the agreement and proposal of the interested parties referred to at the outset of this memorandum. It seems clear to the court that pursuant to article Twelfth all trustees, original and successors, may serve without bond.