Vivian Seagraves LOCKE, Appellant,

v.

John W. DAVIS, Executor, Estate of F. F. Locke, Deceased, Appellee.

Supreme Court of Tennessee.

Aug. 18, 1975.

Harwell, Bottoms & Plant, Boston, Weatherford & England, Lawrenceburg, for appellant.

Holtsford, Hairrell & Doerflinger, Lawrenceburg, Keaton & Turner, Hohenwald, for appellee.

OPINION

COOPER, Justice.

James Mack Seagraves, Executor of the Estate of Vivian Seagraves Locke, has ap-

pealed from a decree of the Chancery Court of Lawrence County, Tennessee dismissing the action brought by Mrs. Locke against the estate of her husband to recover $50,000.00 allegedly due her under the will of her deceased husband, Foster F. Locke.

On January 15, 1971, Vivian Seagraves and F. F. Locke entered into an antenuptial contract, the material part of which is as follows:

"Now, therefore, if the party of the second part (Vivian Seagraves) survives the party of the first part (Foster F. Locke), the party of the second part agrees to accept from the estate of the party of the first part the sum of ($50,000.00) Fifty thousand dollars in lieu of dower and her distributive share of the personal property, and that the party of the first part shall hold all the real estate which he now owns or may hereafter acquire free from claim of dower, inchoate or otherwise; in consideration whereof the party of the first part shall be paid the sum of ($50,000.00) Fifty thousand dollars, if the party of the second part survives the party of the first part as the lawful widow of the party of the first part, as soon after the decease of the party of the first part as may be practicable, and that said sum shall constitute a charge upon the entire estate, real or personal, of which the party of the first part may die seized or possessed."

Mrs. Seagraves and Mr. Locke were married on January 21, 1971, and lived together until Mr. Locke's death on August 17, 1973.

The will of Mr. Locke admitted to probate bore the date of February 12th, 1971. The will contains a number of specific bequests including a bequest to "my wife, Vivian Locke, $50,000.00." Mr. Locke also provided in Item II of his will that:

"My home on East Gaines Street is to be used and occupied by my wife, Vivian Locke, so long as she lives or as long as she remains a widow . . . and until that time she is to have the undisturbed occupancy thereof and after that, it goes to John Foster Hickman."

In a codicil to the will, Mr. Locke made provision for payment to Mrs. Locke of the sum of One Hundred ($100.00) Dollars per month for life, from the income of a motel which was given to Ellen Duggan and Ivan Warren in the original will. Mr. Locke further provided that in the event the legatees of the motel decided to sell it, then in that event Ten Thousand ($10,000.00) Dollars of the proceeds of the sale were to be placed with the executor of his will, to be placed on interest and for his wife, Vivian to have the income from the Ten Thousand ($10,000.00) Dollars and that, at her death, the Ten Thousand ($10,000.00) Dollars to go to the residuary beneficiary.

The executor of Mr. Locke's estate paid Mrs. Locke Fifty Thousand ($50,000.00) Dollars. Mrs. Locke also received One Hundred ($100.00) Dollars per month from the income of the motel, was given the household goods and appliances, and the use of the house on East Gaines Street.

On February 22, 1974, Mrs. Locke filed the present action against the Executor of the Estate of Mr. Locke, seeking to have the court direct the defendant "to pay over to plaintiff all of the sums and amounts that were provided for in the will of her deceased husband, F. F. Locke." Mrs. Locke died while the action was pending and the appellant, as executor of her estate, was substituted as plaintiff.

The Pulaski Street Church of Christ, the residuary beneficiary, intervened and joined the executor in defending the action, both taking the position that Mrs. Locke was due no further payments by the Estate of Mr. Locke under either the will or the antenuptial contract.

Reduced to its simplist form, the issue in the trial court, and now in this court, was whether the bequest of Fifty Thousand ($50,000.00) Dollars to Mrs. Locke was intended by Mr. Locke to be in payment of the obligation created by the antenuptial contract or was intended to be a gift. The chancellor concluded that it was intended to

be in satisfaction of the antenuptial contract obligation and dismissed the action, citing the doctrine of satisfaction and the fact that there was nothing in the will to indicate any intent to the contrary.

It is basic that in construing a will, the testator's intention must prevail if it can be ascertained from the language of the will read in the light of circumstances known to the testator at the time the will was executed. *Tigrett v. Tigrett*, 61 Tenn. App. 172, 453 S.W.2d 100 (1968); *Ashley v. Volz*, 218 Tenn. 420, 404 S.W.2d 239 (1966); *Blackmore v. Blackmore*, 35 Tenn. 365 (1855). If the testator's intention is not evident from the language of the will and the surrounding circumstances, in cases where a legacy of the same or greater amount, and agreeing in character and time of payment, with an existing debt of the testator, is given to the creditor by a will which contains no provision indicating a different intention, it is presumed to be in satisfaction of the debt and not in addition to it. Whenever this presumption of satisfaction arises, the creditor-legatee is put to an election and cannot have both legacy and debt. See 86 A.L.R. 7; 47 A.L.R.2d 1143; 1 Phillips, Pritchard on Wills, Section 465, 6 Bowe-Parker; Page on Wills, Sec. 57.9. This rule of construction, which is known as the doctrine of satisfaction, has been frequently criticized as being harsh and one which results in the defeat of the testator's intention as often as it results in carrying out his intention. Consequently, as noted in the Annotation: Legacy or Devise to Creditor, "generally, the courts recognize the existence of this doctrine, but in the next breath they are apt to observe that the rule is regarded with disfavor, and that slight variations suffice to make it inapplicable. Indeed, [the doctrine of satisfaction], at least in the later cases, has shown such debility that it is probably safe to say that no reliance can be placed on it with any degree of prudence." 47 A.L.R.2d 1143. In 6 Bowe-Parker: Page on Wills, Sec. 57.9, it is pointed out that "in some cases this attitude very nearly results in a practical if not an admitted denial of the presumption, unless such presumption appears affirmatively to coincide with the testator's intention." *German v. German*, 47 Tenn. 180 (1869), where the legacy was smaller than the debt, is included in cases cited in support of the statement. See also 1 Phillips, Pritchard on Wills, Section 465 wherein it is stated:

"The courts have shown a disposition to restrain the operation of the rule in all cases where from circumstances to be collected from the will, it might be inferred the testator did not intend to satisfy the debt with the legacy; and have not been disposed to understand the testator as meaning to pay a debt when he declares he makes a gift, *unless the circumstances or language of the will lead to a different conclusion.*" (emphasis added).

In this case there is no variation between the amount and date of payment of the debt arising from the antenuptial agreement and the legacy so as to deny credibility to the presumption arising from the doctrine of satisfaction, nor is there any circumstance to be collected from the will which would indicate that Mr. Locke did not intend to satisfy the debt by the legacy. But more importantly, even absent the doctrine of satisfaction, the time sequence of the antenuptial contract, the marriage and the execution of the will, all taking place in less than a thirty day period, and the further fact that the bequest is in the amount agreed upon in the antenuptial contract as Mrs. Locke's basic share of the estate payable on the death on Mr. Locke, lead us to the conclusion that Mr. Locke intended that the legacy be in satisfaction of the obligation created by the antenuptial contract.

The decree of the chancellor dismissing the action is affirmed. Costs are adjudged against appellant, James Mack Seagraves, as Executor of the Estate of Vivian Seagraves Locke, and his surety.

FONES, C. J., and HENRY, BROCK and HARBISON, JJ., concur.