**Ellis PERLBERG, et al.**

v.

**Richard P. JAHN, Sr., et al.**

**David WINER, Plaintiff–Appellant,**

v.

**Richard P. JAHN, Sr., Defendant–Appellee.**

Court of Appeals of Tennessee,
Eastern Section,
at Nashville.

Jan. 20, 1989.

Permission to Appeal Denied by Supreme Court March 27, 1989.

Harry Berke, with Berke, Berke & Berke, Chattanooga, for plaintiff-appellant.

Donald E. Warner and Sydney W. Carpenter, with Leitner, Warner, Moffitt, Williams, Dooley, Carpenter & Napolitan, Chattanooga, for defendant-appellee.

OPINION

SANDERS, Presiding Judge (Eastern Section).

The matter before us on appeal has its genesis in the case of *Matter of Estate of Perlberg, Richard P. Jahn, Sr., Co–Executor, v. Ellis I. Perlberg,* 694 S.W.2d 304 (Tenn.App.1984). That case was before this court for a determination of whether or not the Plaintiff–Appellant, David Winer, and Defendant–Appellee, Richard P. Jahn, Sr., were entitled to be paid fees as co-executors of the will of Daniel I. Perlberg, deceased. Jahn is an attorney and Winer is a certified public accountant. Each had been paid substantial fees by the estate. This court held that, under the provisions of the will, they were not entitled to compensation for their services either as co-executors or in their professional capacities, but the executors could be compensated for "expenses incurred for servic-

es such as accounting, appraisals, legal work, and the like, performed by others on behalf of the estate." The case was remanded for the trial court to determine what portion of the fees paid to each of them and their firms was for services rendered as executors, or services that should have been rendered as executors, and what portion was rendered by other members of their firms strictly as accounting or legal services. The record before us fails to show what amount, if any, Plaintiff Winer's firm was allowed for accounting fees upon remand.

As pertinent here, the record in the original case showed that Mr. Jahn qualified as executor of the estate in September, 1980, and Mr. Winer qualified in February, 1981. After remand Mr. Winer sued Mr. Jahn for $13,910, which was the amount he had been paid by the Perlberg estate. In his original complaint Plaintiff alleged he was required to refund the $13,910 to the estate. He alleged Defendant Jahn, as executor of the estate, employed him to perform accounting services for the estate, which he did. He alleged that as an attorney Jahn should have known he could not be paid from funds of the estate. He relied on the advice of Jahn to his detriment.

The chancellor construed the suit as a malpractice suit and held it was barred by the one-year statute of limitations, but allowed the Plaintiff to amend his complaint. In his amended complaint he stated he was not seeking to recover for malpractice, "... but that the defendant, Richard P. Jahn, Sr., as an executor of the Estate of Daniel I. Perlberg, Sr., employed David Winer who is a Certified Public Accountant to perform accounting services in behalf of the said Estate and pursuant to the said contract with the defendant as Executor he performed accounting services which the Estate paid to David Winer and which services were apparently necessary and billed reasonably against the said Estate. David Winer would further show that Richard P. Jahn, Sr. held himself out more knowledge [sic] in Estate matters and he performed the services required by the Executor of the Estate."

The Defendant filed a Rule 12.02, T.R. C.P., motion asking the court to dismiss the amended complaint for failure to state a claim upon which relief could be granted. The Defendant premised his motion on the statute of frauds as provided in T.C.A. § 29–2–101. The motion relied upon the fact the amended complaint failed to allege a writing had been signed by Mr. Jahn or some other person by him lawfully authorized.

Upon the hearing the chancellor sustained the motion and dismissed the complaint. The Plaintiff has appealed, saying the chancellor was in error.

We are constrained to agree for reasons other than those advanced by the Appellant. As pertinent here, T.C.A. § 29–2–101 provides:

> **Writing required for action.**—No action shall be brought:
>
> (1) Whereby to charge any executor or administrator upon any special promise to answer any debt or damages out of his own estate;"
>
> \*    \*    \*    \*    \*    \*
>
> (5) ... unless the promise or agreement, upon which such action shall be brought, or unless some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person by him thereunto lawfully authorized.

If the claim upon which the suit at bar is based had arisen by virtue of the deceased Mr. Perlberg's employing the Plaintiff's services during his lifetime, we think the statute would be applicable and the decree of the chancellor would be affirmed. However, we have here a claim that was created, allegedly, by Mr. Jahn after he qualified as executor. We have been cited to no cases in this jurisdiction, nor have we found any, in which the precise issue before us has been addressed.

■ In the case of *Western Surety Company v. Wilson*, 484 S.W.2d 45 (Tenn.

App.1972) suit was filed against an administrator personally for the premium on his surety bond. He defended on the grounds it was the obligation of the estate. In addressing that issue, the court said:

> The status and relationship of an administrator to the estate he administers is a peculiar one. He is the *personal representative* succeeding generally to the position of the deceased in respect to suing and being sued in respect to the affairs of the deceased as they occurred or existed *prior to the death of deceased.* Claims for services to the estate, for which the administrator contracts *after death of the deceased,* are in a separate class from claims arising during the lifetime of deceased. The law places upon the administrator the onus of procuring necessary services on his own credit and of protecting himself from loss by seeing that such services can be and are paid for out of the assets of the estate and that he is allowed credit therefor in his settlement. In short, the administrator has a personal obligation for services rendered to him as administrator, but he is permitted to discharge his personal obligation by making payment out of the assets of the estate.

*Id.* at 48.

In 57 C.J.S., Frauds, Statute of, III, Promises by Executors and Administrators, § 8, p. 518, it is said:

> In order to bring a promise within this section of the statute, the personal representative's promise must be to pay out of his own estate; a promise to pay out of the estate of decedent is not within the statute. Where there are assets in the hands of the personal representative, his promise to pay a debt of the estate is a promise to answer out of decedent's estate, not out of his own estate, and is not within the statute; but it is otherwise where there are no assets, as then the promise is necessarily one to answer out of his own estate.

*Id.* at 519.

Sec. 9 further says:

The statute applies only to the personal representative's collateral promise to pay a debt of decedent as distinguished from an original undertaking to discharge his own obligation. The personal representative's obligations contracted in the course of his administration, although proper charges against the estate, are his private debts for which he is personally liable, as considered in Executors and Administrators § 198, and oral promises of this nature, such as promises to pay for merchandise, legal services, a broker's commission, and funeral expense, are original undertakings and not within the statute.

*Id.* at 519.

The record shows the estate was solvent. We accordingly hold the statute does not apply in the case at bar. We think the employment of an accountant for the benefit of an estate could be equated to the employment of an attorney. For numerous cases holding executors liable for attorneys' fees. *See* 13 ALR3d 518.

■ Although we hold the chancellor was in error in sustaining the motion to dismiss based on the statute of frauds, we affirm his decree for other reasons. To allow a recovery by Winer, against Jahn, for accounting services rendered for the estate would permit him to do indirectly what this court held he could not do in *Perlberg,* 694 S.W.2d 304.

In this jurisdiction the executor or administrator incurs the costs of administration of an estate but in the final accounting transaction these expenses are charged against the assets of the estate in the settlement. *State ex rel. v. American Surety Co.,* 173 Tenn. 505, 121 S.W.2d 546 (1938). Moreover, counsel fees and accounting fees are preferred claims against the estate.[1]

We hold the matter of *Estate of Perlberg,* 694 S.W.2d 304 (Tenn.App.1984) to be the law of the case at bar, which prohibits

---

1. § 30–2–317. *Priority of claims—Payment—Contested or unmatured claims.*—(a) All claims

or demands against the estate of any deceased person shall be divided into the following classi-

Winer's recovery for accounting services rendered to the estate of Perlberg. Where a trial judge has reached a correct result it will not be reversed because he may have predicated it on an erroneous reason. *See, Baker v. Seal,* 694 S.W.2d 948 (Tenn.App. 1984).

The issues are found in favor of the Appellee. The decree of the chancellor is affirmed and the cost of this appeal is taxed to the Appellant. The case is remanded for collection of cost.

FRANKS and ANDERSON, JJ., concur.

fications, which shall have priority in the order shown:

(1) First: Costs of administration, including, but not limited to, premiums on the fiduciary bonds and reasonable compensations to the personal representative and his counsel;....