IN THE COURT OF APPEALS OF TENNESSEE

DOROTHY PATTERSON,                    ) C/A NO. 01A01-9609-CH-00410
                                      )
          Plaintiff-Appellee,         )
                                      )
                                      )
v.                                    )
                                      ) APPEAL AS OF RIGHT FROM THE
                                      ) PERRY COUNTY CHANCERY COURT
                                      ) Civil Action No. 3570
                                      )
                                      )
GERALD B. AMOS, et ux.,               )
WILMA J. AMOS,                        )
                                      ) HONORABLE DONALD P. HARRIS,
          Defendants-Appellants.)       CHANCELLOR


For Appellants:                           For Appellee:

W. LANDIS TURNER                          TOMMY E. DOYLE
Keaton, Turner & Spitzer                  Linden, Tennessee
Hohenwald, Tennessee



**FILED**

**May 21, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

O P I N I O N


VACATED AND REMANDED                              Susano, J.

This case involves a dispute regarding the ownership of real property fronting on Tom's Creek in Perry County. The trial court granted the plaintiff summary judgment, finding that the plaintiff's deed conveyed to her a strip of land fronting 35 feet on the waters of Tom's Creek. The defendants, adjacent property owners, appealed, contending that there are disputed material facts that make summary judgment inappropriate. We agree.

The plaintiff advanced three theories supporting her right to the disputed lake frontage. She argued below that she owned the property in dispute by virtue of a warranty deed dated May 7, 1965; that she "[had] been in open, continuous, notorious and adverse possession of the entire strip in question under color of title for more than seven (7) years"; and that she, to the exclusion of all others, had paid property taxes on the subject property "for a period in excess of twenty (20) years." If the plaintiff is correct, she owns 35 feet of lake frontage; if, on the other hand, the defendants are correct, the disputed lake frontage belongs to them.

The trial court did not address the plaintiff's alternative theories of adverse possession and entitlement based upon payment of the property taxes.[1] Be that as it may, we find facts in the record before us that negate plaintiff's claim on each of these two theories. Even though summary judgment was not granted on either theory, we deem it appropriate to make the foregoing comment because of the well-established proposition that a trial court will not be reversed where the correct result

---

[1] *See* T.C.A. § 28-2-109.

has been reached, though predicated on an erroneous reason. *Perlberg v. Jahn*, 773 S.W.2d 925, 928 (Tenn.App. 1989).

The trial court found that the plaintiff's deed established her ownership to the disputed property fronting 35 feet on the lake. It found that these deeds made out a "prima facie" case and further found that there was no contrary proof. We cannot agree. For example, there are deeds in the defendants' chain of title--the earliest of which predates the deed to the plaintiff--that can be interpreted as reflecting that the defendants own 100 feet of lake frontage, *an interpretation that appears to be inconsistent with the plaintiff's ownership of 35 feet of lake frontage*. Furthermore, there are two relevant surveys of the defendants' property in the record, both of which were prepared by Surveyor Jay T. Moore.[2] One of the surveys shows that the defendants own 100 feet of lake frontage. The other survey specifies that the defendants own only 59.83 feet of frontage. The latter survey clearly reflects that if the defendants own 100 feet of frontage, the plaintiff cannot own the 35 feet of frontage claimed by her in this lawsuit. In addition, several witnesses whose depositions are before us testified about the location of natural points of reference that have long since disappeared. In this case, their credibility should be tested in the courtroom.

Summary judgment is not a substitute "for the trial of genuine and material factual matters." *Byrd v. Hall*, 847 S.W.2d

---

[2]Mr. Moore subsequently disavowed the accuracy of his first survey; but whether it is accurate or not is a disputed fact to be resolved by the trier of fact.

208, 210 (Tenn. 1993).  In this case, there are disputed material facts on each of the plaintiff's theories of recovery that preclude summary judgment.  *See* Rule 56.03, Tenn.R.Civ.P.  A plenary trial is necessary to resolve these disputes.

The judgment of the trial court is vacated.  Costs on appeal are taxed to the appellee.  This case is remanded for trial.

_____
Charles D. Susano, Jr., J.

CONCUR:


_____
Houston M. Goddard, P.J.


_____
Herschel P. Franks

4