IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
AUGUST 21, 2008 Session

# TONY MONROE v. JACQUELINE ZIERDEN, ET AL.

**Appeal from the Chancery Court for Decatur County**
**No. 3759    Ron E. Harmon, Chancellor**

**No. W2007-01818-COA-R3-CV - Filed September 17, 2008**

The trial court dismissed Appellant's complaint for specific performance of a contract for the sale of real estate, and granted Appellee reasonable attorney's fees as provided in the contract. Appellant appeals the award of attorney's fees; Appellee asserts error in the amount of fees awarded. We affirm

**Tenn. R. App. P. 3; Appeal as of Right; Judgement of the Chancery Court Affirmed**

J. STEVEN STAFFORD, J., delivered the opinion of the court, in which ALAN E. HIGHERS, P.J., W.S., and DAVID R. FARMER, J., joined.

Bradley G. Kirk, Lexington, TN for Appellant

Steven W. Maroney, Jackson, TN for Appellee
Matthew R. West, Jackson, TN for Appellee

**MEMORANDUM OPINION**[1]

In December 2005, Appellee Jacqueline Zierden, in her capacity as Administratrix of the

---

[1] Rule 10 (Court of Appeals). *Memorandum Opinion.* This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any subsequent unrelated case.

Estate of Larry L. Hatridge, moved the trial court to allow her to sell real property located at 40 Hatridge Lane in Parson, TN. The trial court granted the motion and, on December 3, 2005, Appellant Tony Monroe (as Buyer) and Ms. Zierden (as Seller/Owner) entered into an Auction Sales Contract with 7 Lakes Realty & Auction.

The Auction Sales Contract provides, in pertinent part, as follows:

### 3. CLOSINGS:

The closing of this purchase shall take place within 20 days from the date of this Auction Sale, which date is stated above and advertised as SALE DATE. This contract is considered TIME IS OF THE ESSENCE. The[r]e are no exceptions to the closing of the purchase. The undersigned purchaser acknowledges [and] absolutely fully understand[s] the closing of this purchase when they sign this contract on SALE DATE.

*                           *                           *

...In the event that any party hereto shall file suit for breach or enforcement of this agreement (including suits filed after closing, which are based on or related to the agreement), the prevailing party shall be entitled to recover all costs of such enforcement, including reasonable attorney's fees.

The closing did not take place within the contractual time-frame and, on January 26, 2006, Mr. Monroe filed a Complaint for Specific Performance. Ms. Zierden countered with a motion for directed verdict.[2] Thereafter, the trial court heard evidence and, on April 30, 2007, entered its second amended judgment, finding, in pertinent part, that:

3. Through no fault of [Ms. Zierden], no real estate sales closing ever occurred.

*                           *                           *

---

[2] The trial court's order states that it is granting Ms. Zierden's Tenn. R. Civ. P. 50.01 "motion for a directed verdict." This was, of course, an improper motion because motions for directed verdicts have no place in bench trials. *See, e.g., Burton V. Warren Farmers Coop.*, 129 S.W.3d 513, 520 (Tenn. Ct. App. 2002). The proper motion would have been a motion for an involuntary dismissal at the conclusion of the plaintiff's proof in accordance with Tenn. R. Civ. P. 41.02. Accordingly, we will construe the trial court's order as if it were an order granting a Tenn. R. Civ. P. 41.02 dismissal.

5.  That [Mr. Monroe] has failed to meet his burden of proof in this case.

6.  That [Ms. Zierden's] Motion for Directed Verdict is hereby granted, and [Mr. Monroe's] case is dismissed.

\*                                    \*                                    \*

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED:

\*                                    \*                                    \*

2.  That [Ms. Zierden] is awarded the sum of [$7,500.00] as her reasonable attorneys' fee[s], and in addition to the attorneys' fees in the amount of [$437.50] previously awarded to [Ms. Zierden] for defending [Mr. Monroes's] First Request for Admissions.[3]

On or about May 2, 2007, Mr. Monroe filed a motion for new trial and/or to alter or amend the judgment. On May 29, 2007, Ms. Zierden moved the court for an award of additional attorney's fees incurred in defending the motion for new trial. On July 13, 2007, the trial court entered an order, denying the motion for new trial, and granting Ms. Zierden additional attorney's fees in the amount of $700.

Mr. Monroe appeals, and raises one issue for review as stated in his brief:
In light of the failure to find the Appellant in default, did the trial court err in awarding attorney's fees?

In the posture of Appellee, Ms. Zierden asserts that the trial court erred in not granting a judgment for the full measure of her attorney's fees, and requests attorney's fees for defending this appeal.

When the parties' contract provides that the prevailing party is entitled to reasonable attorney's fees to enforce the contract, the prevailing party is entitled to recover its reasonable attorney's fees. *Albright v. Mercer*, 945 S.W.2d 749, 750 (Tenn.Ct.App.1996). In such circumstance, the trial court has no discretion regarding whether to award attorney's fees; however, determining the amount of the attorney's fee that is reasonable is within the trial court's discretion. *Airline Constr. Inc. v. Barr*, 807 S.W.2d 247, 270 (Tenn.Ct.App.1990).[4]

---

[3] The trial court's first judgment was entered on April 7, 2007, and the first amended judgment was entered on April 12, 2007.

[4] Tennessee Supreme Court Rule 8 , RPC 1.5 gives the trial court guidance when determining the amount of attorney's fees, to wit:

(continued...)

-3-

The prevailing party has the burden to make out a *prima facie* case for his or her request for reasonable attorney's fees. ***Wilson Mgmt. Co. v. Star Distribs. Co.***, 745 S.W.2d 870, 873 (Tenn.1988); ***In re Estate of Perlberg***, 694 S.W.2d 304, 309 (Tenn.Ct.App.1984). The party requesting the attorney's fees is not required to call witnesses to testify to prove the reasonableness of the requested fees. This is because trial courts are capable of applying the relevant factors and deciding whether a requested fee is reasonable based on the court's knowledge of the case and the court's perception of the value of the services performed. ***Wilson Mgmt. Co.***, 745 S.W.2d at 873; ***Preston Lincoln-Mercury, Inc. v. Kilgore***, 525 S.W.2d 155, 158 (Tenn.Ct.App.1974).

As set out above, the contract between these parties specifically allows for recovery of attorney's fees for the prevailing party in any breach or enforcement action. The language used in the parties' contract is plain and unambiguous. In such case, it is well settled that the contract is to be interpreted according to its plain terms as written, and the language used is to be taken in its "plain, ordinary, and popular sense." ***Bob Pearsall Motors, Inc.***, 521 S.W.2d 578, 580 (Tenn. 1975). The interpretation should be one that gives reasonable meaning to all of the provisions of the agreement, without rendering portions of it neutralized or without effect. ***See Davidson v. Davidson***, 916 S.W.2d 918, 922-23 (Tenn.Ct.App.1995).

The trial court granted Ms. Zierden's motion for directed verdict based upon its finding that Mr. Monroe had failed to meet his burden of proof. The correctness of the trial court's granting the motion for directed verdict is not before this Court. As the prevailing party, the trial court awarded Ms. Zierden her attorney's fees as provided in the contract. On appeal, Mr. Monroe does not contest the fact that the contract allows for recovery of attorney's fees. Rather, he argues that, because Ms. Zierden allegedly failed to assert a compulsory counterclaim required under Tenn. R. Civ. P. 13.01,

---

[4](...continued)

        (a) A lawyer's fee and charges for expenses shall be reasonable.

        The factors to be considered in determining the reasonableness of a fee include the following:

        (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
        (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
        (3) the fee customarily charged in the locality for similar legal services;
        (4) the amount involved and the results obtained;
        (5) the time limitations imposed by the client or by the circumstances;
        (6) the nature and length of the professional relationship with the client;
        (7) the experience, reputation, and ability of the lawyer or lawyers performing the services;
        (8) whether the fee is fixed or contingent;
        (9) prior advertisements or statements by the lawyer with respect to the fees the lawyer charges; and
        (10) whether the fee agreement is in writing.

she cannot recover attorney's fees. Although Mr. Monroe's brief references Ms. Zierden's answer, the answer is not contained in the record. In fact, the record before us contains neither the original complaint, nor any responsive pleadings filed by Ms. Zierden. This Court's review is limited to the appellate record and it is incumbent upon the appellant to provide a record that is adequate for a meaningful review. Tenn. R. App. P. 24(b). In the absence of Ms. Zierden's answer, we cannot address Mr. Monroe's claim concerning her alleged failure to raise affirmative defenses therein. In short, from the record before us, and in light of the plain and unambiguous language used in the parties' contract, we conclude that the trial court was correct in awarding some amount of attorney's fees to Ms. Zierden as the prevailing party in this suit. The sole question, then, is whether the amount awarded is reasonable in light of the circumstances.

The question of what amount of attorney's fee should be awarded is within the trial court's discretion. *Airline Constr. Inc. v. Barr*, 807 S.W.2d 247, 270 (Tenn.Ct.App.1990). We will not disturb that finding so long as the amount of the award is within the range of reasonableness based upon the specific facts of the case. The record reveals that Ms. Zierden requested a total of $13,522.16 in attorney's fees and expenses, which amount is supported by affidavit. The trial court ultimately awarded a total of $9,777.16 in attorney's fees and expenses. From our review of the record, we conclude that the amount of attorney's fees awarded by the trial court was reasonable given the totality of the circumstances. Consequently, we cannot find that the court abused its discretion.

On appeal, Ms. Zierden asks for additional attorney's fees incurred in defending this appeal. In the exercise of our discretion, we decline to award any additional attorney's fees.

For the foregoing reasons, we affirm the order of the trial court. Costs of this appeal are assessed one-half to the Appellant Tony Monroe and his surety, and one-half to the Appellee, Jacqueline Zierden, for which execution may issue if necessary.

J. STEVEN STAFFORD, J